Louis B. Heller, J.
Motions have been made herein for the apportionment among various claimants of the proceeds of settlement effected between the plaintiff and the defendant in the within personal injury negligence action and for an appropriate order distributing the same.
The total sum of the liens being asserted exceeds the $5,000 proceeds which has been held by the defendant since the action was settled on October 1,1959.
No claim against the proceeds is being made by either the plaintiff or the defendant. In fact, plaintiff was adjudicated a bankrupt upon a voluntary petition filed subsequent to the date of settlement. The Referee in Bankruptcy has found that the bankrupt’s estate did not establish the right to receive any part of the settlement proceeds. The defendant seeks protection against being held responsible for the payment of claims in excess of the proceeds of settlement.
All claimants admit that the plaintiff’s attorneys have a first lien for payment of their fee for services rendered and disbursements incurred in the afore-mentioned negligence action. The plaintiff’s injuries and damages were sustained in 1954. His attorneys ask $2,500 as the value of their services, including disbursements incurred prior to and during the course of the two-day trial. The attorneys’ claim has not been controverted or denied. Upon the basis of the papers before it, the court fixes the value of the attorneys’ lien at $2,500 and finds that said sum is a first lien upon the settlement proceeds.
The judgment creditor asserts a lien against the balance of the proceeds based upon the service upon defendant of a third-party restraining order issued in a proceeding supplementary to judgment “ in December, 1959 ” after a transcript of judgment had been filed in the Kings County Clerk’s office. The judgment creditor makes no further showing herein. It furnishes the court with no additional facts upon which to predicate a finding that its judgment became a lien upon the said proceeds prior to those of the remaining two claimants. It makes only the conclusory statement that ‘4 probably the liens of the State Insurance Fund and Internal Revenue * * * accrued *79 subsequent to December, 1959 and are therefore subordinate to the lien of ” the judgment creditor.
The claim of the State Insurance Fund, in the sum of $1,119, is founded upon the provisions of the statute (Workmen’s Compensation Law, § 29, subd. 1). It is the court’s opinion that the statute allowed the plaintiff, as the injured party who had received compensation benefits, to bring the negligence action against the tort-feasor “in a sort of representative or trust capacity ” and that the State Insurance Fund, as the compensation carrier, had a lien on the proceeds of the action subject only to the attorneys’ lien (Calhoun v. West End Brewing Co., 269 App. Div. 398, 400; Ocean S. S. Co. of Savannah v. Lumbermens Mut. Cas. Co., 125 F. 2d 925, 926). The other claimant herein, the United States Government, concedes that the lien of the State Insuarnce Fund is prior to the lien which it asserts. The court holds that the claim of the State Insurance Fund constitutes a valid second lien.
After payment of the liens of the attorneys and the State Insurance Fund, the balance of the proceeds, i.e., $1,381, is insufficient to pay either the Government or the judgment creditor. On March 14-, 1958 the Government, upon the plaintiff’s failure to pay withholding taxes, filed its notice of tax lien dated March 13, 1958 in the Register’s Office, Kings County, the county in which the proceeds, i.e., the taxpayer’s personal property was situated (Internal Revenue Code [U. S. Code, tit. 26], §§ 6321, 6323). The Internal Revenue Code provides that a lien for nonpayment of delinquent taxes shall be a lien “ upon all property and rights to property, whether real or personal, belonging to such person ” (Internal Revenue Code, § 6321; emphasis supplied). The code also provides that such lien is not valid as against a judgment creditor until notice thereof has been filed “ [I]n the office designated by the law of the State * * e in which the property subject to the lien is situated ” (§ 6323, subd. [a], par. [1]). The court finds that the Government, subject to the liens of the attorneys and the compensation carrier, obtained a valid third lien in the sum of $1,381 against the proceeds on October 1, 1959, the date of settlement, by virtue of the notice of lien filed on March 14,1958.
As will be here demonstrated, the lien, if any, of the judgment creditor could not have preceded the Government’s lien. First of all, the judgment creditor has not shown the existence of a lien against the proceeds. The lien resulting from the filing of the judgment in the County Clerk’s office affected only real property (Civ. Prae. Act, § 510). A lien on personal property would arise by issuance of an execution against the personal *80 property of the debtor, the plaintiff herein (Civ. Prae. Act, § 679, subd. 1; see Lanning v. Carpenter, 48 N. Y. 408, 412). No evidence of issuance of an execution has been submitted. The third-party order in supplementary proceedings, which was served on the defendant in December, 1959, at best restrained the defendant from making payment of money belonging to the plaintiff. Even assuming the judgment creditor was entitled to a lien against the $5,000 proceeds, it would at best be a fourth lien. After payment of the three prior liens as hereinabove set forth, no part of the $5,000 would remain upon which the judgment creditor’s lien could attach.
The application is granted to the extent indicated herein. The cross motion of the judgment creditor is denied.