Seymour Bieber,
Spec. Ref. By an order of Hon. Edward T. McCaffrey, a Justice of this court, dated August 7, 1964, the issue regarding the amount of moneys to be allocated from the proceeds of a judgment to each of the parties involved was referred to me, to hear and report, together with my recommendations.
A hearing was held before me on October 15, 1964, at which plaintiff, his attorney, moving trial counsel, the State Insurance Fund and Sehlossman’s, Inc., by its attorney, appeared. *644 Although all other parties concerned were properly served with a notice of hearing, it is to be noted that neither the Welfare Department, Ulster County, New York, nor Bronx Hospital, two principal lienors, appeared. A transcript of the minutes taken by an official stenographer was waived. All exhibits and legal memoranda submitted by counsel at the conclusion of the hearing are filed herewith.
The record shows that after a jury trial of a negligence action for personal injuries, plaintiff recovered a judgment of $7,233, including costs. Arthur C. Zale, Esq., his trial counsel, had duly filed a contingent retainer agreement which provided for a sliding scale fee in accordance with the applicable Buies of the Appellate Division. None of the parties before me disputes counsel’s claim that he is entitled to recover his fee and disbursements from the proceeds of the judgment before any payment may be made to other lienors or assignors (see Judiciary Law, §§ 474, 475; Workmen’s Compensation Law, § 29).
As set forth in the moving affidavit, the credible evidence adduced before me established that counsel disbursed and expended moneys on behalf of plaintiff during the prosecution and trial of this action amounting to $2,761.32. The claimed expenditures of $10 for photostats, $4 for service of motion papers and $15 for long-distance telephones have been disallowed because, in my opinion, counsel failed to prove same by proper proof. All other expenditures, in my opinion, were necessary, reasonable and proper.
Giving due consideration to the Buies of the Appellate Division regarding contingent retainer agreements in personal injury actions, the following is a computation of the legal fee which moving counsel is entitled to recover first here:
Judgment .................................... $7,233.00
Less disbursements............................ 2,761.32
Total .................................... $4,471.68
$500 equals 50% of first $1,000.................. 1,000.00
$3,471.68
$800 equals 40% of next $2,000.................. 2,000.00
$515.08 equals 35% of next $22,000
$1,471.68
$1,815.08 — Total Fee allowable.
*645 After deducting the counsel fee of $1,815.08 and the disbursements of $2,761.32 from the judgment of $7,233.00, a total of $4,576.40, there remains a balance of $2,656.60 for the satisfaction of liens and assignments pending against plaintiff. These include a lien of $1,585.74 of the State Insurance Fund for medical treatment payments and Workmen’s Compensation Board awards and a $2,069.51 lien of the Commissioner of Public Welfare of Ulster County, New York. It is obvious that there are insufficient moneys remaining to satisfy these liens, let alone any balance of moneys to make a payment to plaintiff, as requested by his attorney. Efforts to have these agencies reduce or waive their respective lien have been of no avail. Moreover, although it is a most unfortunate result that the person suffering the injuries and pain will not receive any part of the recovery here, nevertheless, contrary to the argument set forth in plaintiff’s counsel’s brief, nothing in the record warrants the conclusion that the contingent fee agreement was unconscionable, nor is there any valid reason to deny trial counsel the full fee he is entitled to by virtue thereof. Significantly, no moneys deducted from such fee would revert to plaintiff himself in view of the outstanding liens and assignments still existing after the allocation of the subject funds. With respect to the purported liens of Bronx Hospital and Schlossman’s, Inc., as set forth on page 3 of the moving affidavit, no proof was adduced before me which establishes any lien against plaintiff by the named corporation. As to Bronx Hospital, the credible evidence indicates that its bill regarding services rendered to plaintiff was fully paid by payments of the State Insurance Fund. No proof as to the assignment annexed to the hospital’s affidavit in opposition to the pending motion was adduced before me in view of the above-noted failure of this claimant to appear at the hearing.
Due to the limited funds remaining after payment of the attorney’s fees and disbursements (supra), it is necessary to consider the question of priority between the two creditors, the State Insurance Fund and the Welfare Department of the County of Ulster. In this respect, it is to be noted that until April 16, 1964, section 104 of the Social Welfare Law did not give priority to the Commissioner of Welfare, Ulster County, over other claimants (see Matter of Smith, 11 Misc 2d 657). It merely permitted a public welfare agency to bring an action or proceeding against a person discovered to have real or personal property. By amendment effective April 16, 1964, however, it now appears that in all claims of the public welfare official made under section 104 of the Social Welfare Law, he is to be deemed a preferred creditor (see L. 1964, ch. 573). Similarly, section 29 of the Workmen’s Compensation Law, under which the State *646 Insurance Fund as'serts its claim, gives priority to the lien of this agency over all other creditors except as to “ expenditures * * * incurred in effecting such recovery” (§ 29, subd. 1, supra). Nevertheless, in my opinion, the recent amendment to the Social Welfare Law in no way affected the common-law priority of a State agency to receive payment of its claim over and above that of a lesser sovereign, namely, a counity department of welfare (see Marshall v. New York, 254 U. S. 380). Moreover, it is significant that subdivision 1 of section 29 of the Workmen’s Compensation Law expressly states that “ to the extent of the total amount of compensation * * * and the expenses for medical treatment paid * * * such recovery shall be deemed for the benefit of * * * [the State Insurance Fund] or carrier.” (Emphasis added.) This specific provision, I believe, is also sufficient to give the State agency clear priority over the county welfare official here involved. This priority exists even if, as in this case, the recovery is so small and the liens so large that no money will be left for the claimant plaintiff (see Matter of Travaglione, 36 Misc 2d 645; see, also, Rinzler v. New York City Tr. Auth., 37 Misc 2d 77, 79-80; Ashe v. Darienzo Trucking Corp., N. Y. L. J., March 2, 1959, p. 13, col. 7 [Supreme Court, Bronx County, Special Term, Part I, Spector, J., 21 Compensation Court Decision's 269]).
Diving due consideration to the foregoing, it is my opinion that, after payment to counsel, as above stated, the State Insurance Fund is entitled to prior payment before the claim of the Commissioner of Welfare, Ulster County.
Accordingly, I so report and recommend payment and allocation of the funds involved as follows and in the order of their priority:
1 — Counsel fees and disbursements, $4,576.40.
2 — The State Insurance Fund, $1,'585.74.
3 — The balance of $1,070.86 to the Commissioner of Welfare, Ulster County.