Richard D. Simons, J.
Petitioners claim to have a lien on condemnation proceeds resulting from the taking of bankrupt’s property which is superior to the rights of the trustee in bankruptcy and all other creditors except the first mortgagee by reason of an instrument called an ‘ ‘ Assignment of Realty Interest. ”[1],[2]
The instrument, executed April 20, 1962 by the bankrupt, Cold Medal Packing Corporation, transfers to the petitioners all the “ assignor’s interest in and to proceeds to be received by the assignor from the City of Utica, Department of Urban Renewal, to the extent of $104,115.46 ’ ’ subject to the first mortgage. The instrument also provides that “ the said assign *710 ees are hereby granted a lien on the said premises ” in that amount. On the date the instrument was executed, no condemnation action had been instituted.
In 1963 an involuntary petition in bankruptcy was filed against Gold Medal Packing Corporation but not perfected. On September 28,1966 an amended involuntary petition in bankruptcy was filed and Gold Medal was subsequently adjudicated bankrupt. In the interim, by order of this court, title to the bankrupt’s property was transferred to the Urban Renewal Agency and commissioners appointed to determine the amount of the award. A preliminary payment by the city in the amount of $224,595 was deposited in court March 16,1965 pursuant to the provisions of the General Municipal Law. An award was confirmed August 11, 1966 which was sufficient in amount to cover both the first mortgage and this claim.
Petitioners’ claim is asserted in this proceeding brought pursuant to OPLR, article 26 and section 22 of the Condemnation Law.
The instrument cannot be construed as a mortgage. It does not purport to transfer the realty, only the proceeds of sale or condemnation. It has no time limitation and no defeasance clause. It is an assignment of the proceeds of a cause of action, or in the alternative, the proceeds of any sale of the realty, if a sale was decided upon. The proceeds were not in existence at the time the instrument was executed and the action had not been commenced.
The courts recognize equitable assignments of future interests which will create a lien between the parties at the time the property comes into existence where there are no intervening rights of creditors or third persons. (Coats v. Donnell, 94 N. Y. 168, 177; Williams v. Ingersoll, 89 N. Y. 508; Matter of Modell, 71 F. 2d 148 [C.C.A. 2d].)
A lien was not effected in 1962 even if it be assumed that the instrument was sufficient to appropriate the funds pro tanto to the assignee. (Cf. Matter of City of New York [Triborough Bridge], 257 App. Div. 267 [condemnation proceeds]; James v. Alderton Dock Yards, 256 N. Y. 298 [sale of property]; 3 N. Y. Jur., Assignments, § 32.)
The lien attaches when the property comes into existence, i.e. when there is a judgment or appropriation of the proceeds in favor of the assignor. (Fairbanks v. Sargent, 117 N. Y. 320, 336-337; Matter of Modell, supra; Richard v. National Transp. Co. 158 Misc. 324.) The lien does not relate back after the judgment is rendered to the date of the execution of the instrument. (Matter of Cordaro v. Cordaro, 18 A D 2d 7.74, affd. 13 *711 N Y 2d 697; Matter of City of New York v. Bedford Bar & Grill, 2 N Y 2d 429; Matter of Gruner, 295 N. Y. 510; Zartman v. First Nat. Bank, 189 N. Y. 267; Williams v. Ingersoll, supra, Mathews v. Hardt, 79 App. Div. 570; Matter of Modell, supra; Irving Trust Co. v. Commercial Factors Corp., 68 F. 2d 864, 868 [C.C.A. 2d].)
Thus, at the earliest, the lien became effective at the time of confirmation August 11, 1966. (Condemnation Law, §§ 15, 17.)
It is not necessary to determine whether the effective date of bankruptcy was 1963 or 1966. Under the best view of the case for petitioners the date of cleavage was the date the amended petition was filed in September, 1966. The assignment, therefore, may be a voidable preference under the bankruptcy laws since it arose less than four months prior to bankruptcy. (Bankruptcy Act, § 60; US. Code, tit. 11, § 96.) The fact that the instrument was recorded April 24, 1962, more than a year prior to the first petition, did not result in perfecting the transfer on that date. Recording may have given notice to others, but it did not create a lien where none existed. When recorded, the assignment was no more than an executory agreement to transfer the proceeds if they ever came into existence. The debtor himself had no proceeds to assign and no chose in action yet. The lien could never arise unless the property was condemned by the city or sold by the debtor.
Petitioners argue that the lien came into existence when a partial payment was deposited in court in March, 1965. That deposit or transfer from the condemning authority was not pursuant to any judgment or settlement and was without any right on the part of the property owner to appropriate the proceeds to its use.
Further, the petitioners claim that by reason of a certain judgment of this court dated August 24, 1965, a determination was made that the petitioners had a valid lien on the proceeds which is res judicata in this special proceeding. That case involved an action brought by the bankrupt to determine that the underlying debt was void and that the lien instrument was void. The complaint was dismissed by the trial court upon a finding that there was owing to these petitioners from the bankrupt the sum of $104,115.46. The trial court did not reach the question of the validity of the lien. Estoppel is limited to the rights actually determined in the prior suit. (Matter of Fairmeadows Mobile Vil. v. Shaw, 16 A D 2d 137.)
A claim is asserted in this petition for costs taxed on the August 24,1965 judgment in the amount of $804.55, plus accrued interest. If the date of bankruptcy was 1966, then this judgment *712 would be entitled to payment. If the date of bankruptcy was 1963, then the judgment is subject to attack since it was subsequent to the date when the trustee’s rights arose.
This court has ruled with respect to other petitions presented in this proceeding that it would not determine whether creditors whose judgments were perfected between the date of the original petition and the amended petition were secured creditors entitled to preferential payments or not. Those claims were dismissed without prejudice to the creditors to pursue their remedies in bankruptcy court which should properly rule on the effective date of bankruptcy, the issue of insolvency and preference and where the necessary pro-rating among claimants can be made. To validate petitioners’ judgment lien in this proceeding would be to grant an inequitable priority to them over liens of other judgment creditors whose claims arose during the three-year interval.
The petition is dismissed without prejudice to petitioners to pursue appropriate proceedings in bankruptcy court.

 For related decisions cf. City of Utica v. Gold Medal Packing Corp. (52 Misc 2d 968); Schmitt v. Blackwelder (379 F. 2d 278 [C.A. 2]).

 The court tried the issues of the petition herein but directed the respondent’s counterclaims and set-offs be tried separately. There are pending motions for summary judgment and motions addressed to the respondent’s answer. In view of the disposition of the claim on the merits, it is not necessary to rule on the summary judgment motion or the motion addressed to respondent’s answer. Those motions are dismissed.