Richard D. Simons, J.
Petitioner, purchaser of tax certificates for unpaid 1963 and 1964 real property taxes levied against premises of the bankrupt, claims to have a lien for principal, interest and penalties paid which should be compensated from the proceeds of condemnation of the property now held by this court. The trustee in bankruptcy denies that petitioner is entitled to a lien as to any part of the funds.[1]
The condemnation proceedings were instituted by the City of Utica in December, 1964 and the order transferring title to the city was entered in early 1965.
The petitioner acquired his interest in the tax certificates by sales conducted May 29, 1964 (for 1963 taxes), and May 28, 1965 (for 1964 taxes). On August 15, 1963, an involuntary petition in bankruptcy was filed against the bankrupt corporation and on September 28, 1966 an amended petition in bankruptcy was filed and adjudication followed.
Upon the condemnation of the property, such liens as existed against the real property were transferred to the condemnation proceeds. (Utter v. Richmond, 112 N. Y. 610; Matter of City of New York [Houghton Ave.], 266 N. Y. 26.) Petitioner, as purchaser of the tax certificates, succeeded to the rights of the municipality with power to enforce whatever liens he possessed against the property or proceeds of its sale. (Dayton v. Pueblo County, 241 U. S. 588; Matter of Ingersoll Co., 148 F. 2d 282.)
It has been stipulated that the sums due for city, county and school taxes became liens not later than July 1 of the tax year for each taxing authority.[2]
*883 Tax liens, even though arising or perfected while the debtor is insolvent or within four months of bankruptcy, are valid as against the trustee. (Bankruptcy Act, § 67, subd. [b]; U. S: Code, tit. 11, § 107, subd. [b].) Thus, the sums due for taxes for the year 1963 became a lien prior to the involuntary petition in bankruptcy, entitling petitioner to secured creditor status. But the claims for 1964 taxes arose after the date of bankruptcy and petitioner did not acquire a lien with respect to those payments. (Cf. De Laney v. City & County of Denver, 185 F. 2d 246, 253.) Petitioner is entitled to priority under section 64 of the Bankruptcy Act (U. S. Code, tit. 11, § 104) for those payments, but he could not acquire a lien on the property after the filing of the petition in bankruptcy.
Where local law provides for a rate of interest to be assessed upon delinquent tax payments, that rate is calculated and allowed in bankruptcy. The creditor is not limited to the legal rate of interest. (3 Collier, Bankruptcy [14th ed.] § 63.16, subd. [3].) Statutory interest and penalties constitute a part of the tax lien against the property charged. (Getman v. Niferopulos, 276 N. Y. 161; Matter of Knox-Powell-Stockton Co., 100 F. 2d 979, 983.) Under the applicable provisions of law involved here, the city is allowed a charge of 1% per month or 12% per year on the unpaid taxes and that charge became a part of petitioner’s lien. (Cf. 4 Collier, Bankruptcy [14th ed.], § 67.24, subd. [1], pp. 246-248.)
Postpetition interest is not allowed on unsecured tax claims. (New York v. Saper, 336 U. S. 328; Sexton v. Dreyfus 219 U. S. 339.)
Since petitioner has a lien for the 1963 payments, he argues that he is entitled to postpetition interest as in the case of consensual and contractual liens. (Beecher v. Leavenvorth State Bank, 192 F. 2d 10; Littleton v. Kincaid, 179 F. 2d 848; 3 Collier, Bankruptcy [14th ed.], § 63.16, subd. [1], p. 1861.) That, however, does not appear to have been the history of the law on the subject. (Cf. Matter of Cameron, 166 F. Supp. 400, affd. sub nom. United States v. Bass, 271 F. 2d 129; Matter of Kerber Packing Co., 276 F. 2d 245; Matter of Lykens Hosiery Mills, 141 F. Supp. 895; 2 Remington, Bankruptcy, §§ 800-805 ; 8A C. J. S., Bankruptcy, § 422.) The cited cases involve liens for other than real property taxes. Those liens, both general and specific in nature, apply to all the bankrupt’s estate and to allow postpetition interest on the debt could consume the entire estate to the detriment of other creditors. Contractual liens are distinguishable since they are specific in nature and relate to only one piece of property or security. Addi *884 tionally, contractual lienors have placed the other creditors of the bankrupt on notice of their prior rights, it is argued, and the unsecured creditors cannot claim any prejudice as a result.
When this reasoning is applied to a real property tax lien levied against specific property, the distinction between tax liens and Contractual liens becomes uncertain. Nevertheless, it has been laid down as a general principle of law that tax claims are tax claims, whether secured or unsecured, that they are the same as any other debt of the bankrupt except as to priority status and nondischargeability and that it has historically been the fundamental rule, implicit in the Bankruptcy Act, that there shall be no postpetition interest on tax claims. (City of New York v. Saper, supra.) In the absence of express legislative action, there appears to be no reason to distinguish between a secured tax claim and other secured lienors such as judgment creditors whose interest accrues only to the date of bankruptcy. (Bankruptcy Act, § 63, subd. [a], par. [1]; U. S. Code, tit. 11, § 103, subd. [a], par. [1].)
Petitioner is entitled to judgment on his tax liens for the year 1963 for the full amount of principal, with interest at the rate of 1% per month to the date of the petition in bankruptcy which, for purposes of this decision, is determined to be August 15,1963, without prejudice to the rights of the petitioner to pursue any additional or further claim in Bankruptcy Court to challenge the effective date of bankruptcy as being otherwise than the August, 1963 date or to assert any other rights he may have in that forum. If the parties are unable to agree on the amount due in accordance with this decision, they may apply to the court for computation.

 For related decisions cf. City of Utica v. Gold Medal Packing Corp. (52 Misc 2d 968); Schmitt v. Blackwelder (379 F. 2d 278); City of Utica v. Gold Medal Packing Corp. (54 Misc 2d 708 and 54 Misc 2d 721).

 City taxes for 1963 became a lien October 1, 1962; Code of Ordinances of City of Utica, § 14-20 (L. 1923, ch. 658, art. V, § 1). County taxes for the year 1963 became a lien January 1, 1963; Real Property Tax Law, § 902. School taxes for 1963-1964 became a lien July 1, 1963; Real Property Tax Law, § 1312.