■ WILLIAM S. MILLER, Appellant, v. LIBERTY MUTUAL FIRE INSURANCE COMPANY, Respondent.— In a declaratory judgment action, judgment of the Supreme Court, Kings County, dated December 2, 1965, which in effect determined that a subrogation clause in a policy of insurance and in trust receipts executed thereunder were valid, affirmed, with costs. Plaintiff was an insured under an automobile insurance policy issued by defendant and the policy was in full force and effect when plaintiff was injured in an automobile collision. Pursuant to the subrogation clause in the policy, plaintiff executed two trust receipts in favor of defendant as a condition to obtaining reimbursement for his medical expenses. In our opinion, the trust receipts are not assignments of plaintiff's cause of action for personal injuries but merely constitute an assignment of the proceeds to the extent to which plaintiff has been reimbursed by defendant for medical expenses. The "assignment" of the proceeds of the personal injury claim does not violate the statutory prohibition (General Obligations Law, § 13–101) against transferring personal injury claims (*Williams* v.

*Ingersoll*, 89 N. Y. 508; *Grossman* v. *Schlosser*, 19 A D 2d 893; *Stathos* v. *Murphy*, 26 A D 2d 500, affd. 19 N Y 2d 883). It is also our opinion that the clause in the policy giving defendant the right of subrogation to the extent of medical payments to plaintiff is valid and not against public policy (*Silinsky* v. *State-Wide Ins. Co.*, 30 A D 2d 1). Beldock, P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur. [48 Misc 2d 102.]