Victor APONTE, Plaintiff,

v.

MARITIME OVERSEAS CORPORA-
TION and Torm Dampskibssel-
skabet A/S, Defendants.

DAMPSKIBSSELSKABET TORM A/S,
Third-Party Plaintiff,

v.

UNIVERSAL TERMINAL AND STEVE-
DORING CORPORATION, Third-
Party Defendant,

Ecuadorian Fruit Import Corporation,
Third-Party Defendant,

and

Overseas Fruit Carriers, Inc., Third-
Party Defendant.

ECUADORIAN FRUIT IMPORT CORPO-
RATION, Third-Party Defendant and
Fourth-Party Plaintiff,

v.

SEALAND DOCK & TERMINAL STEVE-
DORING CO., Fourth-Party Defendant.

No. 60 Civ. 2358.

United States District Court
S. D. New York.

June 30, 1969.

Thomas F. Meagher, New York City, Guardian Ad Litem for plaintiff.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Atty. for U. S. Dept. of Labor, Bureau of Employees Compensation, by, Richard S. Rudick, of counsel.

Louis J. Lefkowitz, Atty. Gen., New York City, for the State Dept. of Mental Hygiene, and the Pilgrim State Hospital, by, Morton H. Meyer, Sr. Atty., New York City, of counsel.

J. Lee Rankin, New York City, for the City of New York, Dept. of Social Services and Dept. of Hospitals, by, Samuel Felder, New York City, Sidney Boxer, Peekskill, and Anthony Dallacasa, Brooklyn, of counsel.

## MEMORANDUM

POLLACK, District Judge.

This is an application to determine the priority of payment to be accorded to various liens against a $10,000 fund created herein by settlement of this action.

The plaintiff is an incompetent presently in a State mental institution. The application is made by his guardian ad litem appointed herein by order of this Court for the sole purpose of effecting and distributing the proceeds of the settlement. The claims against the fund are in excess of the amount of the settlement.

The suit was brought to recover for personal injuries suffered by plaintiff on March 29, 1960 and was settled on January 8, 1969.

### 1. The Plaintiff's Attorney

■ The claim of plaintiff's attorney for his fee in connection with this suit has first priority. New York Judiciary Law, McKinney's Consol.Laws, c. 30, §§ 474, 475. On April 20, 1960, when plaintiff was still competent, he entered into a sliding scale retainer in the form approved by the Appellate Division, First Department, with his attorney. The fee thereunder of $3,708.63 plus $118.20 of expenses for a total amount of $3,826.83 is proper and, accordingly, is approved for payment in that amount.

### 2. U. S. Department of Labor

The U. S. Department of Labor, Bureau of Employees' Compensation, filed a claim herein in the sum of $137.13 for compensation allegedly paid to the plaintiff in 1960 in connection with the injury sustained from the accident. This sum was actually paid by the insurance carrier of plaintiff's employer. The Department of Labor was not involved in this payment at all. The United States Attorney has withdrawn the Government's claim since the motion was made. Accordingly, this claim is disallowed.

The foregoing dispositions leave $6,173.17 available for the remaining claimants to the fund. Their claims are for services supplied and all but one of them relies on an assignment of the prospective proceeds of this lawsuit obtained prior to the time the fund came into existence, as follows:

| Claimant | Period of Service | Date of Assignment | Amount |
|---|---|---|---|
| S. A. Siegel, M. D. (medical services) | May 11, 1960 to March 31, 1964 | May 11, 1960 | $ 185.00 |
| Dept. of Hospitals City of New York | May 16, 1960 to April 23, 1963 | July 1, 1960 | $ 1,396.00 |
| Dept. of Social Services, City of New York | Feb. 1, 1958 to Jan. 1, 1967 | Oct. 2, 1962 | $10,524.62 |
| Dept. of Mental Hygiene, State of New York | Oct. 19, 1965 to Nov. 10, 1968 | None | $11,599.00 |

### 3. *General Legal Considerations*

A claim for the recovery of damages for personal injury cannot be transferred. New York General Obligations Law, McKinney's Consol.Laws, c. 24–A, § 13–101. However, the proceeds of the personal injury claim may be transferred by assignment in advance of judgment or settlement. Williams v. Ingersoll, 89 N.Y. 508 (1882); Silinsky v. State-Wide Insurance Co., 30 A.D.2d 1, 289 N.Y.S.2d 541 (2d Dept. 1968); Grossman v. Schlosser, 19 A.D.2d 893, 244 N.Y.S.2d 749 (2d Dept.1963). In the leading case of Williams v. Ingersoll, the New York Court of Appeals said that such an assignment will be treated as an executory contract for the transfer of a future fund upon which specific performance will be granted when the fund comes into existence.

The rights of the assignee first attach to the fund when it comes into being, i. e., when there is a judgment or an appropriation of the proceeds in favor of the assignor (the plaintiff-incompetent herein). "The assignment here could not even in equity operate upon the unliquidated claim for damages on account of the personal tort, but attached to the award the moment it was made." Williams v. Ingersoll, *supra*, 89 N.Y. at 519. The assignee's claim against the fund does not relate back to the date of the execution of the assignment. In re Modell, 71 F.2d 148 (2d Cir. 1934); City of Utica v. Gold Medal Packing Corp., 54 Misc.2d 708, 710, 283 N.Y.S.2d 611 (Sp. Tm., Oneida Co. 1967); In re Woods' Estate, 144 N.Y.S.2d 880, 884 (Surr.Ct. West.Co.1955).

Consequently, the rights of those claiming the fund herein under written assignments from the plaintiff must be measured as of January 8, 1969 when this action was settled.

### 4. *Priority of the State of New York*

The State of New York, by virtue of its prerogative right as sovereign, has priority over all others for payment of its claim out of a debtor's property unless *title* to that property has passed to another, either absolutely or by way of a specific lien at law, before the State has asserted its claim. Marshall v. New York, 254 U.S. 380, 41 S.Ct. 143, 65 L.Ed. 315 (1920); Matter of Carnegie Trust Co., 206 N.Y. 390, 99 N.E. 1096 (1912). This priority is effective whether the property is in the hands of the debtor, of a third person, or in the custody of the court; and it is not limited to amounts due for taxes but extends to all debt due to the State.

"This priority has been enforced by the courts of New York under a great variety of circumstances in an unbroken series of cases extending over more than half a century. [Footnote to New York authorities omitted.] It has been enforced as a right and not as a rule of administration. * * * The priority is therefore enforceable against the property in the hands of a receiver appointed by a federal court within the state." Marshall v. New York, 254 U.S., at 383–385, 41 S.Ct., at 144–145.

The liability of the plaintiff-incompetent herein and of his guardian to the State for care and treatment rendered by the State's mental hospital arose "from the date of admission of such patient or from the date [of] such service, care, treatment and maintenance * * *." New York Mental Hygiene Law, McKinney's Consol.Laws, c. 27, § 24, subd. 4(a). The State Department of Mental Hygiene sent its bill for the amount claimed herein to the plaintiff's guardian on or about November 10, 1968.

Thus, at the time the State's right to payment came into being, no title to any of plaintiff's property had yet passed to his assignees. "There is no doubt that the assignment of a truly future claim or interest does not work a present transfer of property. It does not because it cannot; no property yet exists." Stathos v. Murphy, 26 A.D.2d 500, 503, 276 N.Y.S.2d 727, 730 (1st Dept. 1966). This being so, the claim of the State of New York, by reason of its prerogative right as sovereign, must be granted priority of payment over the

other claimants herein. Marshall v. New York, 254 U.S. 380, 41 S.Ct. 143, 65 L.Ed. 315 (1920); Matter of Seligman, Sp. Tm., N.Y.Co., N.Y.L.J., Dec. 19, 1967; Matter of Korotky, Sp.Tm., Bronx Co., N.Y.L.J., Nov. 18, 1964; Lamonte v. Shapiro, 44 Misc.2d 643, 646, 254 N.Y.S.2d 887 (Sp.Tm., Bronx Co. 1964); *cf.* Matter of Gruner, 295 N.Y. 510, 68 N.E.2d 514, 167 A.L.R. 628 (1946).*

Accordingly, the remainder of the settlement proceeds, $6,173.17, is awarded to the State of New York, Department of Mental Hygiene, in partial satisfaction of its claim.

The guardian ad litem has waived his fee. He is to be discharged with the thanks of the Court. Settle order within five days of the date of this decision providing for the completion of the settlement, the execution of the appropriate release in connection therewith and the payments ordered herein.

So ordered.

---

* To the extent that the City of New York, Department of Social Services, asserts equal status as a state agency with the State of New York, Department of Mental Hygiene, that view is rejected. The Commissioner of Social Services of the City of New York is appointed by the Mayor of the City of New York. Social Services Law § 116. He is the executive head of a "city public welfare [social services] district". Social Services Law, McKinney's Consol.Laws, c. 55, §§ 56, 61. See also Social Services Law §§ 2(9), 2(10).