Howard M. McCORMACK, as Assignee of
Arthur K. Schaeffer, Plaintiff,

v.

BLOOMFIELD STEAMSHIP COMPANY,
now d/b/a E. P. Shipping Cor-
poration, Defendant.

No. 71 Civ. 4252.

United States District Court,
S. D. New York.

July 26, 1974.

Edwin K. Reid, Zock, Petrie, Shene-
man & Reid, New York City, for plain-
tiff.

Daniel J. Dougherty, Kirlin, Campbell
& Keating, New York City, for defend-
ant.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

The factual background of this action
is complicated, but fortunately not in
dispute. Recitation of all the details
will serve little purpose here. It suf-
fices to say that plaintiff is the assignee
of seaman Arthur K. Schaeffer. Schaef-
fer sustained injuries while serving on
board a vessel owned and operated by
Crest Overseas Shipping Company. In
1969, he commenced suit against Crest
in this Court (69 Civil 1523), which
was settled on or about March 24,
1971 for the sum of $195,000. (A copy
of said settlement is appended as Exhib-
it 1.) As part of that settlement agree-
ment, Schaeffer reserved his rights
against the former owner of the vessel
on which he was injured, namely Bloom-
field, the defendant here. Schaeffer
also assigned whatever rights he had
against third parties to the plaintiff, as
"Trustee-Assignee". Plaintiff is an at-
torney for the insurance company that
paid the settlement entered into between
Crest and Schaeffer. During the course
of litigation Crest was granted leave to
implead Bloomfield but failed to do so in
a timely fashion. A further motion ex-
tending time to implead was denied.

Prior to the settlement agreement noted above, Crest brought suit against the former owner of the vessel, Bloomfield (70 Civil 2897). That suit, however, was stayed by order of this Court (Croake, D. J.) filed February 16, 1971. The stay was ordered so as to allow the parties to arbitrate in accordance with their agreement transferring ownership of the vessel.

Shortly after the *Crest v. Bloomfield* case was stayed, plaintiff, as assignee of seaman Schaeffer, commenced the present action. Various motions of varying merit have been made by the defendant. Since the court is of the view that defendant's motion to dismiss the complaint is meritorious, the defendant's motion to dismiss is granted and the remaining outstanding motions are dismissed as moot.

The defendant has moved to dismiss the complaint on the ground that the assignment of this action to plaintiff is void as a matter of law and plaintiff is therefore without standing to bring this suit. Since the action is based on diversity jurisdiction,[1] the validity of the assignment is to be decided under New York law. In addition, the assignment itself refers to New York law with reference to its validity. In support of its position, defendant cites New York's General Obligations Law McKinney's Consol.Laws, c. 24-A, 1964, Section 13-101 which reads:

"§ 13–101 Transfer of Claims.

Any claim or demand can be transferred except in one of the following cases:

1. Where it is to recover damages for a personal injury;

2. Where it is founded upon a grant, which is made void by a statute of the state; or upon a claim to or interest in real property, a grant of which, by the transferror, would be void by such a statute;

3. Where a transfer thereof is expressly forbidden by a statute of the state, or of the United States, or would contravene public policy."

■ Defendant argues that plaintiff's action is one to recover damages for a personal injury and as such is non-assignable under General Obligations Law § 13–101(1). Plaintiff replies that the agreement is not an assignment of a cause of action, but instead an assignment of the proceeds of the seaman's claims which may be transferred by assignment in advance of judgment or settlement. *See, Aponte v. Maritime Overseas Corporation*, 300 F.Supp. 1075, 1077 (S.D.N.Y.1969) and cases collected therein. The terms of the agreement, however, clearly indicate that the cause itself, not merely the proceeds were assigned.

The nature of the agreement as an assignment of the cause of action is evidenced by the following provisions in that document:

1. "[Schaeffer assigns to plaintiff] all of the right, title and interest in and to any and all claims, demands, rights, choses and causes of action in contract, express or implied; warranties, torts, liens, whether in equity or at law . . ."

2. "[Plaintiff is authorized] to commence action on, continue action, or prosecute and collect said claims, demands, rights, choses and causes of action in contract, express or implied; warranties, torts, liens, whether in equity or at law . . ."

1. Although the complaint contains no jurisdictional statement per se, it was apparently plaintiff's intention to invoke the diversity jurisdiction of this court. 28 U.S.C. § 1332. Paragraph one alleges that plaintiff is a citizen of New York, paragraph two describes plaintiff's role as assignor, paragraph three alleges that defendant is a citizen of Delaware with principal offices, etc., in Delaware, paragraph four alleges that defendant owned the vessel upon which injuries were sustained, and paragraph five alleges that the matter in controversy exceeds $10,000.

3. "[Plaintiff is authorized] to take all legal or other measures deemed proper or necessary, including the filing and/or prosecution of suits and/or claims under any law or in any court or forum with the same force and effect as the undersigned [Schaeffer] could do, in the name of the undersigned [Schaeffer], but at the expense of [plaintiff]. . . ."

4. "[The causes of action contemplated include] action for damages, maintenance and cure, transportation, repatriation, wages and subsistence during repatrication [sic], wages earned and unearned, hospital, pharmacy . . . and other bills . . . growing out of or in any way directly or indirectly connected with the personal injuries sustained by [Schaeffer]"; and

5. "that any and all monies collected in the prosecution and/or compromise of the aforementioned claims shall be the property of the said Howard M. McCormack. . . ."

This assignment falls clearly within the prohibition of the statute. By its terms, the agreement assigns the cause of action, not reduced to judgment, to plaintiff. The cause contemplated is for money damages arising out of the personal injuries sustained by Schaeffer.

Plaintiff further contends that even if that which was assigned were found to be a cause of action, rather than merely an assignment of the proceeds thereof, the cause assigned is not one for personal injuries, but is one for contract (breach of warranty of fitness and/or merchantability) and thus outside the prohibition of the statute. Plaintiff also lists other theories such as cure and maintenance, unearned wages, etc., all of which plaintiff characterizes as grounded on theories of maritime law, as distinguished from theories rooted in tort law dealing with personal injury actions. Again, plaintiff argues that the significance of characterizing the various actions as something other than "personal injury" is to take it outside the statute prohibiting assignment of causes of action to recover damages for personal injuries. General Obligations Law, § 13–101(1).

In light of the interpretation of "personal injuries" given by the state courts under the present statute and its predecessor, Personal Property Law, § 41(1), amended L.1941, c. 47, § 1, plaintiff's argument that the instant case is for something other than "personal injuries" and therefore assignable must fail. The cause of action assigned need not be strictly one in tort to fall within the statute's prohibition.[2] It is enough that the cause of action, however styled, has as its basis personal injuries to the assignor.

Historically, the phrase "personal injuries" has received broad interpretation by the state courts. For example, the state courts have indicated that an action for breach of promise to marry was an action for injury to the person and not an action on contract for purposes of survival. *Wade v. Kalbfleisch*, 58 N.Y. 282 (1874). The New York Court of Appeals said at page 287: "Although, in form, this action resembles an action on contract, in substance it falls within the definition of the exception, as an action on the case for personal injuries.

---

2. Indeed, it has been said that if the action is found to be a tort that alone does not answer the question as to the validity of the assignment under § 13–101(1). *DiLallo v. Fidelity and Casualty Company of New York*, 355 F. Supp. 519, 522–23 (S.D.N.Y.1973). In *DiLallo*, as distinguished from the present case, that which was found to be a valid assignment was assignor's cause of action against her insurance company for wrongful refusal to settle. The cause which was assigned was found to be a pecuniary right and/or a property right even though historically the whole controversy with the insurance company arose due to an automobile accident in which assignor was injured.

. . . The form of the action is not material. The controlling consideration is, that it does not relate to property interests, but to personal injuries." Similarly, a cause of action by manufacturers of restaurant china against a competitor for damages for misrepresentation of the relative sanitary qualities of the competing products, was for "personal injuries" and could not be assigned. *American Restaurant China Manufacturers Assoc., Inc. v. Corning Glass Works,* 24 Misc.2d 634, 198 N.Y. S.2d 366 (Supreme Court, Erie Cty. 1960). In view of the foregoing line of cases, the court concludes that the challenged assignment is one to recover damages for "personal injuries", notwithstanding the fact that at least two of the causes of action are in the form of suits for breach of warranty, which may for some purposes be deemed contract actions.[3] This being so, the assignment is void as a violation of General Obligations Law § 13–101(1). The court finds that plaintiff is not the real party in interest. Presumably, the actions could have been brought either in the name of seaman assignor[4] or the insurance company which paid the settlement in 69 Civil 1523 as subrogee. *Miller v. Liberty Mutual Fire Insurance Co.,* 29 A.D.2d 982, 289 N.Y.S.2d 726 (2d Dept.1968).

■■ As an alternative ground, the court is also of the view that the challenged assignment "contravene[s] public policy." General Obligations Law, § 13–101(3). It appears that the settlement was entered into not as a typical subrogation agreement but as a way of avoiding the arbitration requirement of the contract for the transfer of the vessel from Crest to Bloomfield. This suspicion is borne out by the fact that the previous action in which Crest sued Bloomfield, 70 Civil 2897, was stayed to permit arbitration. The court concludes that arbitration is a legitimate means of conflict-resolution, and that where valid arbitration agreements have been entered into—and there is no indication in the record that the arbitration clause is anything but valid—parties to the agreement should be bound by their word. Were the court to approve the challenged assignment it would in effect be encouraging a clever subterfuge which would permit a party to unilaterally nullify an agreement to arbitrate. This the court will not do.

Defendant's motion to dismiss the complaint on the ground that the assignment under which plaintiff sues is void under General Obligations Law, § 13–101 is granted. The outstanding motions to stay this proceeding, and to substitute the real parties at interest are dismissed as moot. Submit proposed judgment in conformity with this opinion.

So ordered.

## APPENDIX

## EXHIBIT I

*RECEIPT AND RELEASE, WITH RESERVATION OF RIGHTS, OF CLAIMS AND ASSIGNMENT*

TO ALL MEN WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW YE, THAT I

ARTHUR K. SCHAEFFER

FOR AND IN CONSIDERATION of the sum of ONE HUNDRED NINETY

---

3. The appropriate characterization (tort, contract or other) and treatment of suits brought under the theories of breach of warranty continue to trouble the state courts. In the recent case of *Codling v. Paglia,* 32 N.Y.2d 330, 345 N.Y.S.2d 461, 298 N.E.2d 622 (1973) the Court of Appeals in a suit for breach of warranty for fitness, abolished the contract-based privity requirement, while refusing to abandon the tort doctrine of contributory negligence.

4. The court notes that seaman Schaeffer would appear to have a cause of action against the former owner of the vessel or manufacturer of the equipment causing the injury under the principles announced in *Sevitis v. McKiernan-Terry Corp.,* 264 F.Supp. 810 (S.D.N.Y.1966).

FIVE THOUSAND ($195,000.00) DOL-LARS, cash in hand paid by The Stuyvesant Insurance Company of New York, do hereby release and forever discharge Crest Overseas Shipping Company, its several vessels, Management and Shipping Transport, Inc. and their respective servants, agents, employees and insurers, the SS ERICSON, her owners, agents, operators, managers, underwriters, Master, officers and crew, their successors and assigns, except as set forth hereunder, of and from any and all manner of claims, demands, rights, choses and causes of action in contract, express or implied; warranties, torts, liens, whether in equity or at law or in admiralty or otherwise, including but not limited to all rights of action under the laws of any State of the United States of America, 46 U.S.Code 688; the Jones Act; and all acts and laws amendatory thereof and supplemental thereto; The Admiralty and Maritime Laws of the United States; and under the General Maritime Law, and any other law or laws which might have afforded me a cause or right of action for damages, maintenance and cure, transportation, repatriation, wages and subsistence during repatriation, wages earned and unearned, hospital, pharmacy, drugs, artificial limbs and other bills which the undersigned has had, now has, or may hereafter have, known or unknown, growing out of or in any way directly or indirectly connected with the personal injuries sustained by me, on or about October 1, 1968, and arising from the use and operation of the vessel's lyle gun and its appurtenances, gear and equipment during the rescue operation with the SS BANGKOK TRADER.

IT IS FURTHER UNDERSTOOD AND AGREED that the said releases deny and continue to deny any and all liability to me and continue to reserve all defenses to all claims and demands in respect thereto; and that payment provided for herein and made hereunder is not to be construed as an admission of liability, which in any event is expressly denied.

Without limiting the generality of the foregoing, the release hereby granted includes all claims and demands set forth in that certain action styled ARTHUR K. SCHAEFFER, Plaintiff, against CREST OVERSEAS SHIPPING CO., INC. and MANAGEMENT & SHIPPING TRANSPORT, INC., Defendants, bearing Index No. 69 Civil 1523 on the docket of the United States District Court for the Southern District of New York.

This release does not constitute and is not to be deemed a release of any claims, demands, rights, choses and causes of action in contract, express or implied; warranties, torts, liens, whether in equity or at law or in admiralty or otherwise, which I had, now have or may hereafter have against any third or other parties arising out of my injuries sustained aboard the SS ERICSON as aforesaid, including but not limited to Bloomfield Steamship Corp., now doing business as E. P. Shipping Corp., which claims, demands, rights, choses and causes of action in contract, express or implied; warranties, torts, liens, whether in equity or at law or in admiralty or otherwise, are specifically reserved and without prejudice.

I hereby covenant, agree and bind myself to dismiss the aforesaid lawsuit, 69 Civil 1523, each party to bear its own costs.

*THIS RELEASE IS MADE SUBJECT TO THE OTHER SPECIFIC RESERVATION HEREINAFTER NOTED:*

In further consideration of the aforementioned payment, the undersigned does hereby irrevocably assign and transfer unto Howard M. McCormack, Trustee-Assignee, his successors and as-

signs, all of the right, title and interest in and to any and all claims, demands, rights, choses and causes of action in contract, express or implied; warranties, torts, liens, whether in equity or at law or in admiralty or otherwise, which may belong to the undersigned in any individual or representative capacity growing out of or in any manner connected directly or indirectly with the aforementioned injuries and lawsuit, 69 Civil 1523, including all right, title and interest in and to all of the claims, demands, rights, choses and causes of action in contract, express or implied; warranties, torts, liens, whether in equity or at law or in admiralty or otherwise, which have accrued and/or may hereafter accrue in favor of the undersigned as a result thereof, and the undersigned does hereby irrevocably authorize and empower the said Howard M. McCormack, Trustee-Assignee, his successors and assigns, to commence action on, continue action on, or prosecute and collect said claims, demands, rights, choses and causes of action in contract, express or implied; warranties, torts, liens, whether in equity or at law or in admiralty or otherwise, arising out of my injuries sustained aboard the SS ERICSON as aforesaid, and to take all legal or other measures deemed proper or necessary, including the filing and/or prosecution of suits and/or claims under any law or in any court or forum with the same force and effect as the undersigned could do, in the name of the undersigned, but at the expense of the said Howard M. McCormack, Trustee-Assignee. The claims hereby irrevocably assigned to the said Howard M. McCormack, Trustee-Assignee, include, without limitation, any and all manner of claims, demands, rights, choses and causes of action in contract, express or implied; warranties, torts, liens, whether in equity or at law or in admiralty or otherwise, including but not limited to all rights of action under the laws of any State of the United States of America, 46 U.S.Code 688; the Jones Act; and all acts and laws amendatory thereof and supplemental thereto; The Admiralty and Maritime Laws of the United States; and under the General Maritime Law, and any other law or laws which might have afforded me a cause or right of action for damages, maintenance and cure, transportation, repatriation, wages and subsistence during repatriation, wages earned and unearned, hospital, pharmacy, drugs, artificial limbs and other bills which the undersigned has had, now has, or may hereafter have, known or unknown, growing out of or in any way directly or indirectly connected with the personal injuries sustained by me, on or about October 1, 1968, and arising from the use and operation of the vessel's lyle gun and its appurtenances, gear and equipment during the rescue operation with the SS BANGKOK TRADER.

The undersigned does hereby agree to render all reasonable and necessary assistance to the said Howard M. McCormack, Trustee-Assignee, in effecting recovery of any or all of the aforementioned claims against the third or other parties aforesaid, and the said Howard M. McCormack, Trustee-Assignee, is hereby irrevocably appointed the agent and attorney-in-fact of the undersigned, with power to collect any and all of the aforementioned claims, and to compromise, dismiss, discontinue or withdraw the same in the name of the undersigned in any and all proceedings which may be deemed necessary to enforce any such claim or claims, and to execute in the name of the undersigned any documents which may be necessary to carry into effect the purpose of this agreement and assignment, and the undersigned further agrees, without limitation on the above, to execute any and all documents required by Howard M. McCormack, Trustee-Assignee, in connection with the institution, prosecution, settlement, dismissal, discontinuance, or withdrawal of any such claims, the said Howard M.

McCormack, Trustee-Assignee, is hereby given specific irrevocable authority to execute on behalf of the undersigned any of the aforementioned claims, and the undersigned agrees that any and all monies collected in the prosecution and/or compromise of the aforementioned claims shall be the property of the said Howard M. McCormack, Trustee-Assignee, and shall not in any manner accrue to the benefit of the undersigned or any other persons claiming by or through him.

This receipt and release, with reservation of rights, of claims and assignment shall be and is deemed to be a contract under the laws of the State of New York, the domicile of the Trustee-Assignee, and the location of the forum where the lawsuit and the causes of action by the releasor against Crest Overseas Shipping Co., Inc. and Management & Shipping Transport, Inc. are pending and which is the place of incorporation of the said defendants, and it shall be construed and given effect under the laws of the State of New York and no other. It is further agreed that if the assignment hereinabove set forth shall be held invalid or should not be given effect, for any reason, this shall not affect the validity and finality of the release hereinabove granted.

THUS DONE AND EXECUTED AT this 24th day of March, 1971.

(s) Arthur K. Schaeffer

WITNESS:

STATE OF MARYLAND ⎱ ss.
COUNTY OF BALTIMORE ⎰

On the 24th day of March, 1971, before me personally came and appeared ARTHUR K. SCHAEFFER to me known to be the individual who executed the foregoing instrument, and acknowledged that he executed the same for the purposes and uses set forth therein.

(s) John M. Morse

Notary Public