■ GARLAND D. COX & ASSOCIATES, INC., Respondent, v HARRY S. KOFFMAN et al., Appellants, and PENN CENTRAL TRANSPORTATION COMPANY et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of petitioner, entered February 24, 1978 in Broome County, upon a decision of the court at a Trial Term, without a jury. Petitioner sought to compel appellant (hereinafter called Koffman Group) to pay to petitioner money alleged to be owed to petitioner's judgment debtor, P. D. C. Corporation (hereinafter P. D. C.) by the Koffman Group. The execution which issued to the Sheriff on March 4, 1976 directed him to levy on P. D. C.'s property. It was not, however, served on the Koffman Group as garnishee. It was addressed to and served on P. D. C. No levy was, therefore, ever effected on the Koffman Group. Restraining notices were served on the Koffman Group on March 4, 1976. A judgment creditor may satisfy his judgment against a debt or property held by another in which the debtor has an interest by filing a lien (CPLR 5202, subd [a]; 6214, subd [a]). A restraining notice does not constitute a lien (CPLR 5222; *Matter of International Ribbon Mills [Arjan Ribbons]*, 42 AD2d 354). Since Cox's notice to garnishee was directed to P. D. C. rather than to the Koffman Group, the execution was ineffective to create a lien on any assets of P. D. C. in the hands of the Koffman Group. We conclude then that petitioner has no rights to the assets in the possession of the Koffman Group. In view of the foregoing, we deem it unnecessary to pass on the other issues raised by the litigants. Judgment reversed, on the law and the facts, without costs, and complaint dismissed. Mahoney, P. J., Sweeney, Mikoll and Herlihy, JJ., concur; Greenblott, J., not taking part.