John E. Cone, J.
Plaintiff moves to amend a judgment to tax costs and add them to the judgment. The essential facts are disclosed to be as follows: Plaintiff sued to recover the sum of $30,750 allegedly due him as commissions, together with interest and costs. Preliminary to the trial plaintiff moved for partial summary judgment (Rules Civ. Prae., rule 114) as to the sum of $3,863.91 which defendant conceded to be due him, and for a severance of the action as to the balance of his claim. The filed papers disclose that the motion never was pressed or decided and that there was no severance. Such being the ease, the provisions of section 1480 of the Civil Practice Act, which are urged by defendant, would not apply. Defendant states on the present application, with reference to the foregoing: “ By agreement with his (i.e., plaintiff’s) attorneys, I arranged to pay the sum of $3,685.71 and they were to withdraw said motion. However, instead of withdrawing the motion it was marked ‘ not opposed.’ Therefore, by letter dated June 1, 1951 plaintiff’s attorneys advised the clerk of this court that they desired ‘ that the motion be marked withdrawn. ’ ” Plaintiff states: “ There was paid to the plaintiff, after a motion for summary judgment had been made, $3,685.71. At the trial, the suit being for commissions, *138 defendant was allowed credit for this payment against the commissions and a verdict^ was rendered, after trial, for an additional $1,851.96, which makes a total of over $5,000 recovered.” Letters passing between the attorneys for the parties, copies of which are submitted on the motion show that the payment in question was made by defendant’s check on May 18, 1951 and receipt thereof was acknowledged by plaintiff on May -21, 1951. The payment was expressly made and accepted without prejudice to the rights of either party. The payment did not comply with, and evidently was not made pursuant to, the provisions of article 21 of the Civil Practice Act relating to “tender and offer.”
Trial was had thereafter before a jury in November, 1955. The jury returned a verdict in favor of the plaintiff in the sum of $1,458.24, with interest of $393.72, making a total of $1,851.96. No reference appears either in the judgment or in the clerk’s minutes to the $3,685.71 theretofore paid by agreement of the parties between themselves as above.
Significant in the above, in my opinion, is the computation of the interest. The action having been begun in May, 1951 and tried in November, 1955, plaintiff was entitled to interest on any sum found due him at the legal rate of 6% for a period of four and one-half years. So computed, it would have amounted to the sum actually awarded, to wit, $393.72, showing that the amount of damages claimed by plaintiff was reduced by $3,863.91, and the jury was called upon to determine what sum, if any, plaintiff was entitled to receive of the reduced amount in dispute, which they did. That this was the procedure actually followed with the concurrence of both sides is confirmed by. the notation which appears in the extract from the clerk’s minutes that “ counsel for the respective parties stipulate that the amount of said interest be Three Hundred Ninety Three Dollars and Seventy-two Cents ($393.72).”
“ In the absence of interdiction by constitutional provision, statute or rule,- parties may make their own practice ” (Davis v. Ross, 259 App. Div. 577, 580, and cases cited). This They, in effect, did in the present instance. '
Except for the correction of clerical errors, irregularities or defects which are apparent, a court is without power to amend a judgment in matter of substance, an award of costs being considered such (Herpe v. Herpe, 225 N. Y. 323, 327).
The judgment entered and the stipulation as to costs conclusively show that there was no inadvertence here. Plaintiff’s motion, accordingly, is denied.
Submit order.