Richard D. Simons, J.
The question presented is whether the petitioner, trustee in bankruptcy of the owner of condemned real property, may make an application for 5% additional allowance of costs pursuant to subdivision 2 of section 16 of the 'Condemna *183 tion Law more than a year after confirmation of the condemnation award.
In December, 1965, a condemnation action was instituted involving the real property of the Gold Medal Packing Corporation, now bankrupt. The Commissioners awarded the bankrupt the sum of $542,434 for the property and that award was confirmed by the court August 11, 1966. The money was subsequently deposited in the custody of the court to await determination of conflicting claims to the proceeds.[1]
No application has been made for an additional allowance until the present motion. An appeal was noticed by the bankrupt but subsequently dismissed by the Appellate Division.
The only relief sought in the motion is an additional allowance. If granted, such an allowance must be included in the final order. (Condemnation Law, § 16, subd. 2.)
CPLR 5019 does not authorize the court to amend or correct its judgment to award discretionary costs. The awarding of costs is a substantial right of a party, not a mere clerical error. (Herpe v. Herpe, 225 N. Y. 323; Empire Produce Co. v. Allen, 225 App. Div. 6; Lane v. Merit Enterprises, 4 Misc 2d 137; 9 Carmody-Wait 2d, New York Practice, § 63:158.)
In essence, the trustee seeks to vacate the final order for the purpose of assessing the allowance and including it in a new final order. The motion will be treated as such by the court. (CPLR 103, subd. [c]; Matter of Nowak v. Wereszynski, 21 A D 2d 427; Matter of Mandis v. Gorski, 24 A D 2d 181.)
The courts have inherent power to grant relief from their judgments irrespective of the time limitations imposed by CPLR 5015 and article 84; Ladd v. Stevenson (112 N. Y. 325); Carmody-Wait 2d, New York Practice (vol. 9, § 63:174). The cases of Thompson v. St. Nicholas Nat. Bank (54 Hun 393) and Dietz v. Farish (11 Jones & Sp. 87) hold that the court may relieve a party from its judgment for the purpose of granting additional costs or allowances not originally included in the judgment through ‘1 mistake, inadvertence, surprise or excusable neglect ” (Ladd v. Stevenson, supra, p. 332.)
The condemnee’s attorney appeared in all the condemnation proceedings. No excuse or explanation is offered for his failure to request an additional allowance. The trustee was appointed December 29, 1966 and promptly moved to intervene in the condemnation action. Permission to do so was granted by this court *184 by decision dated February 6, 1967. Nine months have elapsed between the date of that decision and this application. Fourteen months have elapsed since the order of confirmation was served on the condemnee’s attorney and this motion. The court takes judicial notice of prior proceedings before it. (Fisch, Evidence, § 1065.) There are many claims to the proceeds of this award and substantial litigation has already taken place with respect to those claims. Considering the complexity of the proceedings, the delay in seeking this relief was not unduly prolonged and the court will entertain the motion to vacate the final order and to assess an additional allowance.
Additional allowances are not intended to be a penalty to the condemning authority or a windfall to the property owner or his estate. An additional allowance may be granted in the discretion of the court to indemnify the property owner against all costs and expenses reasonably incurred in proceedings for ascertaining the compensation to be paid. (Power Auth. of State of N. Y. v. Wustrack, 10 N Y 2d 730; Matter of Dodge v. Kelley, 19 A D 2d 797, affd. 15 N Y 2d 515; City of Little Falls v. Greene Real Estate Corp., 27 A D 2d 640.)
The variance between the city’s offering price for purchase and the final award and also the difficulty in litigating the issue may suggest the cost to the property owner to protect his rights, but those factors are not determinative of the amount or right to an additional allowance. The additional allowance is authorized in an effort to make the property owner whole after he has been compelled to litigate.
In the ordinary condemnation case where the property owner obtains legal representation on a contingent fee basis, it is relatively simple to assume that the cost of litigation exceeds the additional allowance. It is not so simple in this case.
The moving papers make no showing of the expenses reasonably incurred by the property owner for ascertaining fair compensation. The court has other proceedings before it under article 26 of the CPLR involving this award in which the trustee denies that there was any contingent fee arrangement and insists that the condemnee’s attorneys were hired on relatively modest retainer fees without the benefit of liens because of the prior bankruptcy petition. No more than one year’s taxes accrued on the property for which the owner became liable between the time the offer to purchase was made by the city and the transfer of title. What other litigation expenses there may have been is unknown. If the trustee is correct in his contentions, the attorneys and tax claimants may be unsecured creditors in bankruptcy having claims totalling less than the additional allowance *185 requested here. Furthermore, if the claimants are determined to be unsecured and ordered to present their claims in Bankruptcy Court, presumably the amounts will be reduced again because of necessary prorating of assets. Until the expense to the condemnee is fixed with reasonable accuracy, an intelligent determination cannot be made as to what costs actually were incurred in ascertaining just compensation for the bankrupt property owner.
Under these circumstances, it would be inequitable to assess an allowance in the amount of $27,121.70 against the city as the trustee requests, when that allowance may be in excess of the cost sustained by the property owner from litigation and would only result in increasing the size of the estate in Bankruptcy Court. In effect, this would increase the amount of the award in condemnation.
The motion is denied, without prejudice to renew upon proper papers consistent with this decision.

 For related decisions cf. City of Utica v. Gold Medal Packing Corp., 52 Misc 2d 968; Schmitt v. Blackwelder, 379 F. 2d 278 [C. A. 2d]; City of Utica v. Gold Medal Packing Corp., 54 Misc 2d 708; 54 Misc 2d 721.