■ BERNARD M. RENNE, Respondent, v. WILLIAM ROVEN, Doing Business as BILL'S BAR, et al., Appellants.— In a negligence action to recover damages for personal injuries, which was automatically dismissed pursuant to statute and the rules of this court (CPLR 3404; Rules of App. Div. 2d Dept., part 7, rule VIII) for neglect to prosecute, defendants appeal from an order of the Supreme Court, Suffolk County, dated April 3, 1967, which granted plaintiff's motion to open his default, to vacate the dismissal and for other relief. Order reversed, without costs, and motion denied. In our opinion, plaintiff failed to make the requisite showing of facts sufficient to excuse his delay in prosecution and to establish that he has a meritorious cause of action (*Boyle v. Krebs & Schulz Motors*, 18 A D 2d 1010, 1011). The instant motion was made some 34 months after the action was placed on the Trial Calendar, almost two years after the action was marked " off " for failure to file a statement of readiness and about 10 months after the automatic dismissal. Plaintiff's attorney attributes the delay to inadvertence, neglect by a former associate, change of law firms and resultant loss of time in gathering the file in this suit. Such excuses, characterized as "Law Office Failures" (*Sortino v. Fisher*, 20 A D 2d 25, 29), have been weighed in the balance many times and found wanting (e.g., *Marzian v. D'Oench*, 28 A D 2d 723; *Evans v. Kompinski*, 28 A D 2d 635; *Greenwald v. Zyvith*, 23 A D 2d 201, 203; *Berger v. Colrick*, 20 A D 2d 639; *Gurrieri v. Spohrer*, 20 A D 2d 914; *Nystrom v. National Airlines*, 20 A D 2d 665). Plaintiff's unsupported conclusions that defendants were negligent and that he was free from contributory negligence are not enough to permit a determination to be made as to whether evidence exists to support the allegations of the complaint, which was verified by his attorney. Therefore, plaintiff's showing of merit is also inadequate (*Keating v. Smith*, 20 A D 2d 141, 142; *Sortino v. Fisher, supra*, pp. 31–32; see, *Uvick v. Sealand*, 27 A D 2d 956). Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.