■ SALVADOR LE CESSE et al., Respondents, v. ANTHONY GIANCURSIO, Appellant.— Order unanimously reversed, without costs, and motion granted. Memorandum: In this action to recover damages allegedly sustained through defendant's negligent operation of an oxyacetylene torch, resulting in a fire on premises owned by plaintiff, the summons and complaint were served by substituted service on February 22, 1971 and proof of service was filed on February 26. On March 15, well within the time to answer, defendant delivered the papers to his insurance carrier. However, no timely answer was served and on May 17 a default judgment was entered. An answer dated April 14 served on behalf of defendant on May 17 was returned by plaintiff as untimely. This motion to vacate the judgment, returnable June 14, was made upon an affidavit dated June 3, 1971. ¶ Upon the record before us we find that it was an improvident exercise of discretion to deny the requested relief. This is not an instance where defendant did nothing and slept on his rights. After service had been made on him he promptly turned the papers over to his insurance carrier, which, he was entitled to assume, would proceed with the defense of the action. While counsel retained to represent his interest was somewhat lax in the service of an answer, no prejudice is shown to have resulted to plaintiff from this laxity. When default judgment was entered less than three months after commencement of the action, defendant's counsel acted expeditiously in bringing on a motion to vacate the judgment. The delay by defendant is therefore neither unreasonable nor unexplained. ¶ Moreover, his affidavit — which states that he had been out of the premises for several hours before the fire started and that plaintiff had been in the premises during that period — indicates that a factual issue exists as to liability. The affidavit by an appraiser who visited the premises, fixing damages at a sum less than that awarded by the judgment also creates an issue as to that element of the cause of action. "It is the general policy of the courts to permit actions to be determined by a trial on the merits wherever possible and for that purpose a liberal policy is adopted with respect to opening default judgments in furtherance of justice to the end that the parties may have their day in court to litigate the issues" (*Matter of Raichle, Moore, Ban-*

*ning & Weiss* v. *Commonwealth Fin. Corp.*, 14 A D 2d 830). (Appeal from order of Monroe Special Term, denying motion to set aside default judgment.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.