■ SILVIA BATISTA, Nee GARCIA, Appellant, v. ST. LUKE'S HOSPITAL, WOMAN'S HOSPITAL DIVISION, Respondent.— In a medical malpractice action, plaintiff appeals (1) from an order of the Supreme Court, Kings County, dated April 25, 1974, which (a) denied her motion to vacate a conditional order of preclusion dated August 21, 1972 and to direct defendant to accept a bill of particulars and (b) upon defendant's request, dismissed the complaint; and (2) as limited by her brief, from so much of a further order of the same court, dated June 20, 1974, as, upon reargument, adhered to the original determination. Appeal from order of April 25, 1974 dismissed as academic, without costs. That order was superseded by the order which granted reargument. Order of June 20, 1974 reversed insofar as appealed from, without costs, plaintiff's prior motion granted in all respects, and complaint reinstated, upon condition that, within 20 days after entry of the order to be made hereon, plaintiff's attorney personally pay $250 costs to defendant. On April 12, 1970, plaintiff, then 24 years of age and due to give birth, entered defendant's hospital for delivery. A cesarean section was performed, with plaintiff under general anesthesia. After the operation she suffered convulsions and seizures, which necessitated the performance of a tracheotomy to enable her to breathe. She was hospitalized for 68 days more than she should have been, one month of which was spent in coma, and emerged with permanent brain damage which has rendered her totally disabled. On April 3, 1972, she commenced this action, alleging that her injuries were the result of the negligent administration of general anesthesia during the operation performed by defendant's agents and employees. On May 23, 1972 defendant demanded a bill of particulars and, upon plaintiff's noncompliance, moved for an order of preclusion. On August 21, 1972 Special Term granted such an order, to take effect in the event plaintiff failed to serve the bill within 20 days. On September 13, 1972, defendant granted a 10-day extension for service of the bill. However, the record indicates that it was not until December 7, 1973, some 15 months after entry of the conditional order of preclusion, that plaintiff finally served the bill, at which time it was rejected by defendant as untimely. Plaintiff thereupon moved to vacate the conditional order of preclusion and to direct defendant to accept the late bill. The excuse proffered to Special Term by her attorney was: "The due date, for some reason I am at loss to explain, was not carried forward in the office diary." Special Term denied plaintiff's motion and dismissed the complaint, noting, in its opinion, that "The question of law office failures has repeatedly come up in our courts and has been looked upon with disfavor as an excuse". Upon reargument Special Term adhered to its original determination and stated that it "is sympathetic to the plight of the plaintiff in view of her serious disability [but] is constrained to adhere to its original determination". The categorization of an attorney's negligent act as a "law office failure" does not *ipso facto* prevent the court from exercising its broad discretionary power to relieve a party of a default if the interests of justice would be furthered by such action. As is the case where relief is requested from a default arising from other causes, the court must exercise its discretion by "a balanced consideration of all relevant factors, including the merit or lack of merit in the action, seriousness of the injury, extent of the

delay, excuse for the delay, prejudice or lack of prejudice to the defendant, and intent or lack of intent to deliberately default or abandon the action" (*Moran* v. *Rynar*, 39 A D 2d 718). Plaintiff has suffered permanent and devastatingly severe injuries, which have rendered her totally disabled for life. Defendant will suffer no prejudice by reason of the delay, as plaintiff's case is primarily based upon information appearing in defendant's hospital records. To permit defendant to retain this unwarranted and unearned victory because plaintiff's attorney failed to timely serve the bill of particulars amounts to a grave abuse of discretion. CPLR 2004 provides, in part, that "the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown". In cases such as this, in which failure to permit late service of a bill of particulars would result in an unduly harsh and draconian result and in which actual fault belongs to the attorney, it is appropriate that the default be opened, with costs against the offending attorney personally, so that the rights of the parties may be determined on the merits (*Siegel* v. *Tamarack Lodge Hotel*, 46 A D 2d 684; *Cohen* v. *Tucker*, 44 A D 2d 706; *Moran* v. *Rynar*, *supra*; cf. *Ballard* v. *Billings & Spencer Co.*, 36 A D 2d 71). Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.