■ MACHNICK BUILDERS, LTD., Appellant, v GRAND UNION COMPANY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered July 14, 1975 in Albany County, which granted defendant's motion to set aside a default judgment. A default judgment was taken against defendant and notice of entry thereof served upon defendant's attorney on April 2, 1974. Thirteen months later defendant successfully obtained an order vacating the default judgment, Special Term having determined that the defendant had shown a reasonable excuse for said default and a meritorious defense. On this appeal, the plaintiff contends that Special Term does not have the power to vacate a default judgment where the motion to vacate was made more than one year from the service of notice of entry (CPLR 5015, subd [a], par 1). We disagree. The Supreme Court has an inherent power to open judgments in the interest of justice. Such power may be exercised even after the expiration of the one-year period *(Michaud v Loblaws, Inc.,* 36 AD2d 1013; *City of Utica v Gold Medal Packing Corp.,* 55 Misc 2d 182; 9 Carmody-Wait 2d, NY Prac, § 63:190; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5015, p 580). We move then to the alternative question of whether the vacating of the instant default was an abuse of discretion by Special Term. The general policy of the courts is to permit actions to be tried on the merits and a liberal policy is adopted in respect to a default where it appears that there is a reasonably meritorious defense and a valid excuse. Therefore, a motion to vacate a default judgment is addressed to the trial court's discretion *(Tuemmler v Syvrud,* 28 AD2d 602). Such exercise of discretion should not be disturbed if there is support in the record *(Socony Mobil Oil Co. v Salamy,* 13 AD2d 879). In the instant case there is evidence in the record that the defendant's attorney was physically and emotionally handicapped in his activities and that his conduct was unauthorized. The record further demonstrates that the defendant apparently has a meritorious defense, consisting basically of failure to meet building specifications and substantial workmanship. Considering the record in its entirety, it appears that the defendant has shown a valid excuse and a meritorious defense and, accordingly, that the determination of Special Term cannot be considered an abuse of discretion. *(Harris v Harris,* 35 AD2d 894; *Wall v Bennett,* 33 AD2d 827.) Order affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.