█ MEYER A. KAHN, Respondent, v JULIAN STAMP et al., as Trustees of the Profit Sharing and Retirement Plan for Employees of Duo-Temp Corporation, Appellants.—Order unanimously reversed, without costs, and motion granted upon condition that defendants' attorney pay plaintiff a penalty of $250. Memorandum: This action, to recover interest payments alleged due from a retirement plan, was commenced by service of a summons and complaint in July, 1974. An answer was interposed denying the allegations in the complaint and pleading affirmative defenses of estoppel, waiver and payment. On October 16, 1974 plaintiff served a demand for written interrogatories upon defendants and on December 16, 1974, upon defendants' failure to comply with the demand, a 20-day conditional order of preclusion was obtained. The order provided for the entry of default judgment upon defendants' failure to furnish the interrogatories. It was served on December 23, 1974. Thereafter, on January 16, 1975 plaintiff, fearing possible dissipation of the fund assets, moved for a preliminary injunction. Defendants opposed the motion and posted bond in the amount of $7,000 to secure

plaintiff's claim. On March 11, 1975 plaintiff filed a note of issue and statement of readiness and on April 18, 1975 plaintiff entered a default judgment based upon defendants' noncompliance with the December 16, 1974 conditional preclusion order. Defendants moved to vacate the default on the grounds that its attorneys overlooked the necessity for serving the interrogatories in the process of opposing the application for an injunction, and that plaintiff had waived compliance when the note of issue and statement of readiness was filed. That motion was denied and defendants have appealed. Under these circumstances we think it was error to deny defendants' motion to vacate the default. Ordinarily, law office failure is an insufficient reason, by itself, to excuse a default *(McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692; *Renne v Roven,* 29 AD2d 866; *Sortino v Fisher,* 20 AD2d 25). However, its existence does not *ipso facto* prevent the court from exercising its broad discretionary power to relieve a party of default if the interests of justice would be furthered by such action *(Batista v St. Luke's Hosp.,* 46 AD2d 806). In exercising such discretion courts should undertake a balanced consideration of all relevant factors, including the merit or lack of merit in the action, the seriousness of the injury, the extent of the delay, the excuse for the delay, prejudice or lack of prejudice to the opposing party and intent or lack of intent to deliberately default or abandon the action *(Batista v St. Luke's Hosp., supra; Moran v Rynar,* 39 AD2d 718). The law favors resolution of cases on the merits *(Le Cesse v Giancursio,* 38 AD2d 873) and where default is due to a single, isolated, inadvertent mistake, and not to willful default or persistent neglect, reason and justice dictate that a party be afforded its day in court *(Matter of Gibson v MVAIC,* 45 AD2d 678). Here defendants' counsel were perhaps guilty of inadvertence in overlooking the existence of the outstanding preclusion order but such oversight was isolated and showed no intention whatsoever to abandon the apparently meritorious defenses that had been interposed. The default was not a deliberate one and, therefore, may be excused *(Bouxsein v Bialo,* 35 AD2d 523). However, defendants' attorneys should be required to pay plaintiff the sum of $250 for the inconvenience they have caused *(Moran v Rynar, supra).* (Appeal from order of Supreme Court, Erie County—vacate default judgment.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.