■ THEODORE WEST, an Infant by His Natural Guardian and Father, CHARLES WEST, et al., Appellants, v MARK A. TRACY, Also Known as MARK A. TRACEY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered April 14, 1976 in Broome County, which granted defendant's motion to set aside a judgment by default in favor of plaintiff. Plaintiff's infant sustained personal injuries when he was struck by an automobile owned and operated by the defendant and this negligence action was commenced in September of 1975 to recover the damages resulting therefrom. Defendant apparently turned over the summons and complaint to his insurance carrier which then entered into settlement negotiations with plaintiff's attorney. Contending that defendant's time to appear and answer had been extended only until December 18, 1975, plaintiff's attorney secured a default judgment, following an inquest, on January 13, 1976. However, by order to show cause dated January 28, 1976, defendant moved to vacate the judgment and plaintiff now appeals from the order of Special Term which granted that motion. In our opinion defendant adequately demonstrated both a valid excuse for his default and the existence of a meritorious defense, thereby supplying a proper basis upon which Special Term could exercise its discretion to relieve him from its prior judgment *(Machnick Bldrs. v Grand Union Co.,* 52 AD2d 655; *Wall v Bennett,* 33 AD2d 827). He submitted an affidavit plainly suggesting that negligence on the part of plaintiff's infant had contributed to the happening of the incident in question and his attorney averred that he had not been contacted by the insurance carrier to defend the action until after plaintiff had obtained judgment. Thus, the default was plainly caused by inaction on the part of defendant's insurer. In this connection it should be noted that the letter of plaintiff's attorney extending the time to appear and answer to December 18, 1975 made no mention of a default judgment, it merely stated that acceptance of an answer served thereafter would be resisted. Negotiations with the carrier continued and it appears that some discussion involving a possible settlement transpired even after the default judgment had been procured. Given the promptness with which the instant relief was sought, not only should we affirm the present order and refuse to attribute the supposed laxity of the carrier to the defendant *(Jolicoeur v Clinton Co-op. Ins. Co. of Wadhams,* 50 AD2d 621; *Abrams v Barnes,* 16 AD2d 936; *Schuyler v Board of Educ.,* 14 AD2d 468), we would probably regard any other disposition of the motion as an abuse of discretion under the circumstances *(Le Cesse v Giancursio,* 38 AD2d 873). Order affirmed, with costs. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.