■ In the Matter of WILLIAM P. GOSCH, Appellant, v ANTON J. HORVATH et al., Constituting the Common Council of the City of North Tonawanda, Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner is the Housing Project Manager of the North Tonawanda Housing Authority having been appointed to that position on May 15, 1968 from a competitive civil service list. In 1971 he was placed in Grade XIV Step 3 for city officials and employees who were not represented by a negotiating unit. Salary increases were granted to some employees in that grade by a new salary schedule adopted by the Common Council of the City of North Tonawanda on December 5, 1975. Petitioner instituted an article 78 proceeding claiming that the failure to include him in this 8% annual increase constituted arbitrary and capricious action by the respondent common council. Petitioner's salary is required to be approved by the common council under section 32 of the Public Housing Law. The City Charter of North Tonawanda further vests in the common council the power to fix wages of municipal officers and employees (L 1907, ch 752, tit III, § 8, as amd). Thus, the common council's failure to grant petitioner a salary increase was within its statutory authority and as a legislative act is not subject to judicial review in an article 78 proceeding (Matter of Bartlett v Morgan, 42 AD2d 435, 437). Moreover, even were we to reach the merits of this proceeding we would conclude that the common council's action was not arbitrary and capricious. (Appeal from judgment of Niagara Supreme Court —art 78.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, JJ.

■ ROBERT ALCORN, Respondent, v HERBERT TICHENOR, Appellant.—Order unanimously reversed, without costs, and motion denied. Memorandum: Special Term's order vacating the order dismissing plaintiff's action for failure to serve a complaint and the judgment against plaintiff based thereon must be reversed as an improper exercise of discretion. The motion to reopen the judgment, pursuant to CPLR 5015 (subd [a], par 1), was instituted more than one year after the effective date of the order of dismissal, obtained pursuant to CPLR 3216. Although apparently the plaintiff was unaware that his original attorney had been totally neglecting the lawsuit, there are no mitigating circumstances or facts set forth in the record explaining the failure of that attorney to file a complaint despite defendant's repeated requests therefor, or his failure to appear in opposition to defendant's motion to dismiss. Clearly, such unexplained law office failure can constitute no basis for reopening the default (see Kahn v Stamp, 52 AD2d 748; McIntyre Assoc. v Glens Falls Ins. Co., 41 AD2d 692; Sortino v Fisher, 20 AD2d 25). (Appeal from order of Cayuga Supreme Court—vacate dismissal of action.) Present—Marsh, P. J., Dillon, Hancock, Denman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BETSCH, Appellant. (Appeal No. 1.)—Judgment unanimously modified by vacating the conviction and sentence for one count of criminal contempt, first degree, and, as modified, affirmed. Memorandum: The People concede that appellant's refusal to answer a series of questions posed to him, after a grant of immunity, before the Grand Jury related solely to one burglary. Thus, it constitutes but a single contempt (see People v Riela, 7 NY2d 571). (Appeal from judgment of Erie Supreme Court—criminal contempt, first degree.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.