■ QUEENS TRADING CORP., Appellant, v ELLIOT B. MARTIN, Respondent.—In an action to recover moneys allegedly loaned to defendant, plaintiff appeals from an order of the Supreme Court, Queens County, dated June 29, 1977, which, *inter alia,* granted defendant's motion to vacate a default judgment entered upon his failure to serve an answer. Order reversed, on the law and in the interests of justice, with $50 costs and disbursements, and motion denied. The defendant-respondent is a podiatrist who entered into a contract with plaintiff-appellant whereby the latter would purchase his Medicaid receivables at 88% of their face value. The plaintiff was to submit defendant's invoices to the applicable governmental agencies for payment and if these invoices were not honored within 180 days thereafter, defendant was obligated to repurchase them at their face value. In 1975 defendant pleaded guilty in the Federal District Court for the Southern District of New York to the crime of submitting false and fraudulent Medicaid invoices. As a result, many of defendant's invoices were not paid. On or about January 16, 1976 plaintiff commenced this action to recover the moneys it had advanced on defendant's unpaid invoices. Notwithstanding the fact that he had been granted several extensions, defendant never served an answer and, on April 30, 1976, judgment was entered against him by default. More than one year later, by notice of motion dated May 18, 1977, defendant moved to open his default. Special Term granted the

motion. Under the circumstances of this case, it was an improvident exercise of discretion to vacate defendant's default in answering. The motion for relief from the default judgment was not made within the time specified in the statute (see CPLR 5015, subd [a], par 1) and, although a court has the inherent power to dispense with the one-year time limitation under appropriate circumstances (*Machnick Bldrs. v Grand Union Co.,* 52 AD2d 655), we see no reason to do so in the instant case because there is no showing of an adequate excuse for the delay. Moreover, defendant's affidavit does not establish the existence of a meritorious defense. Damiani, J. P., Titone, Shapiro and Cohalan, JJ., concur.