## (May 8, 1978)

JUDITH E. ANOLICK, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant, et al., Defendant.—In an action, *inter alia,* to recover damages for personal injuries and property damages allegedly suffered as a result of defendants' failure to supply adequate heat to plaintiff's apartment, the appeal is from an order of the Supreme Court, Nassau County, dated December 9, 1977, which denied defendant-appellant's motion, *inter alia,* (1) to vacate its default and (2) for leave to serve an answer. Order reversed,

without costs or disbursements, and motion granted, on condition that appellant serve its answer and pay $350 to plaintiff within 10 days after entry of the order to be made hereon; in the event such conditions are not complied with, order affirmed, with $50 costs and disbursements. Under these circumstances, where defendant-appellant's default in answering was unintentional and resulted from an apparent mix-up within the offices of the corporate landlord, resulting in the untimely forwarding of plaintiff's file, including the summons and complaint, to its attorneys, it was incumbent upon Special Term to balance all of the relevant factors in passing upon the motion to vacate the default (see *Batista v St. Luke's Hosp.,* 46 AD2d 806; accord *Kahn v Stamp,* 52 AD2d 748). Here, in addition to the apparent lack of intent to deliberately default or to abandon the defense of the action, it further appears that (1) appellant moved promptly to vacate its default, (2) plaintiff will not suffer any prejudice as a result of the brief delay and (3) a meritorious defense, raising substantial issues of fact, can be pleaded. On this state of the record, Special Term's denial of the motion constituted an improvident exercise of discretion. The law favors the resolution of cases on their merits *(Le Cesse v Giancursio,* 38 AD2d 873) and where, as here, a default is due to a single, isolated, inadvertent mistake, reason and justice dictate that, in the absence of prejudice, a party be afforded his day in court (see *Kahn v Stamp,* 52 AD2d 748, *supra).* The conditions we impose should redress any inconvenience which the plaintiff may have suffered. Damiani, J. P., Titone, Rabin and Gulotta, JJ., concur.