■ VISTA PLUMBING & COOLING, INC., Appellant, v WOLDEC CONSTRUCTION CORP., Respondent. VISTA PLUMBING & COOLING, INC., Appellant, v BETHLEHEM CONSTRUCTION CORP., Respondent.—Appeals from orders of the Supreme Court at Special Term, entered January 26, 1978 in Albany County, which granted defendants' motions to set aside default judgments. Each matter involves a dispute between these defendants, who were general contractors on construction sites, and the plaintiff, who did the plumbing and heating work as a subcontractor for each of them. Plaintiff served a summons with notice on defendant, Woldec Construction Corporation, pursuant to section 306 of the Business Corporation Law by serving the Secretary of State. Defendant failed to appear and a default judgment was entered against defendant on December 2, 1977 for $1,337.08. On December 15, 1977 defendant obtained an order staying execution and an order to show cause to open the default. In its papers, defendant denies any notice of the commencement of the action. The affidavit of merits alleges a breach of the contract by the plaintiff and failure by plaintiff to perform the contract. Default judgment was ordered opened on January 23, 1978. The action against Bethlehem Construction Company was commenced by service of summons and complaint on the Secretary of State on July 12, 1976. The defendant did not appear in the action and a default judgment was filed in the office of the Clerk of the County of Albany on December 2, 1977 for $9,197.01. Defendant moved to set the default aside on December 22, 1977. The motion was granted on January 23, 1978. The affidavit of merits alleges that defendant was not served with a notice of the action and includes several defenses which, if proven, would be meritorious. The power to open a default judgment is discretionary with the court and an exercise of such power will not be disturbed unless its granting constitutes an abuse of discretion. Special Term properly permitted the opening of both default judgments. Each defendant has demonstrated a lack of willfulness on its part in failing to appear in the action. Each promptly moved to vacate the judgment and each has meritorious defenses, if proven, to the actions. It cannot be said that Special Term abused its discretion *(Machnick Bldrs. v Grand Union Co.,* 52 AD2d 655). Orders affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Mikoll, JJ., concur.