■ PAMELA SONJU, Respondent, v CONTINENTAL GARAGE MANAGEMENT CORPORATION et al., Appellants, et al., Defendants. — Order, Supreme Court, New York County (Danzig, J.), entered June 22, 1984, which, *inter alia,* denied the motion of defendants Continental to vacate the reinstated default judgment against them, entered on April 1, 1984, unanimously modified, on the law and the facts and in the exercise of discretion, without costs or disbursements, and the motion granted on condition that said defendants, within 10 days from the date of the order to be entered herein, pay plaintiff the sum of $250, and, except as thus modified, affirmed. In the event of a failure to comply with said condition, the order is affirmed, without costs or disbursements; in view of said determination, appeal from order, same court and Justice, entered June 1, 1984, reinstating a default judgment entered April 11, 1984, against defendants Continental which had been vacated by an order, dismissed as academic, without costs or disbursements.

In our view the motion to vacate defendants' default was improvidently denied. The answer, ultimately rejected, was proffered only 12 days after the 10-day grace period provided for in Special Term's order conditionally vacating the default, during which period defendants timely tendered their $1,500 check in satisfaction of one of the terms of the conditional vacatur. Moreover, plaintiff's attorney accepted and cashed this check. Since payment of the $1,500 and service of an answer were to be simultaneous, the condition was a joint one and plaintiff may not accept the benefit of tender of the check while rejecting tender of the answer, even if tardy. Defendants' reason for not timely answering within the grace period was adequately explained and a meritorious defense shown. Plaintiff is unable to demonstrate prejudice. In such circumstances the default judgment should have been vacated.

Issue shall be deemed to have been joined on May 11, 1984, when defendants served their answer. The parties shall proceed accordingly. Concur — Kupferman, J. P., Sullivan, Ross and Carro, JJ.