■ I.J. HANDA, P. C., Appellant, v LOUIS IMPERATO et al., Respondents.—In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.) dated December 19, 1988, which granted

the defendants' motion pursuant to CPLR 5015 (a) (1) to be relieved of their default in answering the complaint.

Ordered that the order is affirmed, with costs.

A motion to be relieved of a default pursuant to CPLR 5015 (a) (1) is addressed to the sound discretion of the court, and the exercise of such discretion will generally not be disturbed if there is support in the record therefor *(see, Vista Plumbing & Cooling v Woldec Constr. Corp.,* 67 AD2d 761; *Machnick Bldrs. v Grand Union Co.,* 52 AD2d 655). "In exercising such discretion courts should undertake a balanced consideration of all relevant factors, including the merit or lack of merit in the action, the seriousness of the injury, the extent of the delay, the excuse for the delay, prejudice or lack of prejudice to the opposing party and intent or lack of intent to deliberately default or abandon the action" *(Kahn v Stamp,* 52 AD2d 748, 749; *Batista v St. Luke's Hosp.,* 46 AD2d 806).

In this case, the complaint was served on or about April 18, 1988, and the defendants attempted to serve their answer on or about May 27, 1988, approximately 20 days after the time to answer had expired. When the late answer was rejected by the plaintiff as being untimely, the defendants promptly moved to vacate their default and to compel acceptance of the answer.

Under the circumstances and in view of the absence of prejudice to the plaintiff, the meritorious nature of the defense, the relative shortness of the delay, the lack of willfulness on the part of the defendants and the public policy in favor of resolving cases on the merits, it cannot be said that it was an improvident use of discretion to excuse the defendants' default *(see, Shure v Village of Westhampton Beach,* 121 AD2d 887; *Matter of Prudential Prop. & Cas. Ins. Co. v Rothman,* 116 AD2d 652; *Sonju v Continental Garage Mgt. Corp.,* 108 AD2d 671; *Leogrande v Glass,* 106 AD2d 431). Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.