■ MARIANA LANC, Respondent, v MICHAEL DONNELLY et al., Appellants.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered February 21, 1991 in Rockland County, which granted plaintiff's motion to vacate a prior order dismissing her complaint.

In December 1987, plaintiff commenced this action alleging, *inter alia,* legal malpractice by defendants in their representation of her in a 1984 divorce action. In October 1988, the action was dismissed by Supreme Court upon the unopposed motion of defendants to strike the complaint for failure to prosecute. Upon renewal, Supreme Court vacated its prior decision and denied defendants' motion conditional upon payment of $500 to defendants by plaintiff's then counsel within 30 days and compliance by plaintiff with all outstanding discovery demands within 10 days. By April 1989, the conditions were apparently not satisfied and Supreme Court granted defendants' second unopposed motion to strike the complaint for failure to prosecute. A subsequent motion by plaintiff to reargue or renew, submitted without supporting papers, was denied by Supreme Court in September 1989.

In May 1990, plaintiff learned through a telephone communication with the court's chambers that her action had been dismissed. In 1990, after securing her file from her former counsel and obtaining new counsel, plaintiff moved to vacate Supreme Court's June 1989 order striking the complaint and to restore the action to the court's calendar. Supreme Court granted plaintiff's motion on the ground that she was misled by her attorney. This appeal by defendants ensued.

We affirm. Pursuant to its inherent power to exercise control over its own judgments, a court may open a judgment for sufficient reasons and in the interest of justice *(see, Matter of McKenna v County of Nassau, Off. of County Attorney,* 61 NY2d 739, 742; *Machnick Bldrs. v Grand Union Co.,* 52 AD2d 655; *Michaud v Loblaws, Inc.,* 36 AD2d 1013, 1014). Here, plaintiff's vacatur motion was based upon the misconduct of her former counsel who continually assured her that he was "on top of" her case and that she "should not worry", when in fact his failure to respond to defendants' various motions and a court order resulted in the final dismissal of the action for want of prosecution. Plaintiff averred in her supporting affidavit that she relied on her counsel's assurances and that she

had no intent at any time to abandon the action. Plaintiff also included with her moving papers the completed interrogatories which were the subject of Supreme Court's conditional order requiring compliance with defendants' discovery demands.

In our view, the foregoing was sufficient to establish a valid excuse for the failure to prosecute, and the facts of the malpractice action, as set forth in plaintiff's supporting affidavit, suggest that plaintiff has a reasonably meritorious claim *(see, West v Tracy,* 56 AD2d 695; *Machnick Bldrs. v Grand Union Co., supra; Moran v Rynar,* 39 AD2d 718, 718-719). Furthermore, because the power of a court to open its own judgments is not limited by statute, the fact that plaintiff's motion was made more than one year after entry of Supreme Court's order *(see,* CPLR 5015 [a] [1]) is not dispositive *(see, Ladd v Stevenson,* 112 NY 325, 332; *Firemen's Fund Ins. Co. v Dietz,* 110 AD2d 1083, 1084; *Machnick Bldrs. v Grand Union Co., supra).* We find defendants' claim of prejudice to be unpersuasive. Under the circumstances of this case, Supreme Court's exercise of discretion was fully supported by the record and, therefore, its decision to vacate the order striking the complaint should not be disturbed *(see, Moran v Rynar, supra).*

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.