■ SYDA FOUNDATION, Respondent, v VANGUARD ORGANIZATION, INC., Appellant, et al., Defendants.—Weiss, P. J. Appeal from an order of the Supreme Court (Williams, J.), entered April 29, 1991 in Sullivan County, which, inter alia, granted plaintiff's cross motion for leave to serve a bill of particulars on defendant Vanguard Organization, Inc.

Following a pretrial conference at which plaintiff's counsel was not in attendance, defendant Vanguard Organization, Inc. submitted an order of preclusion based upon plaintiff's failure to serve a verified bill of particulars. At the time of the conference plaintiff was in the process of retaining new legal

counsel. More than a year later Vanguard moved for summary judgment and plaintiff cross-moved to be relieved from the preclusion order. Vanguard has appealed from the order of Supreme Court which granted plaintiff's cross motion.

Plaintiff has shown a valid excuse for its failure to serve the bill of particulars, and the facts set forth in the supporting affidavit by its assistant secretary and the verified bill of particulars in this contract action indicate there is merit to its cause of action. We find no abuse of discretion by Supreme Court in granting the motion *(see, Bauer v 873 45th St. Corp.,* 91 AD2d 600; *see also, Matter of McKenna v County of Nassau, Off. of County Attorney,* 61 NY2d 739, 742; *Lynch v Siam's Pony Farm,* 32 AD2d 867; *Abramowitz v Berger,* 20 AD2d 903). Nor do we find the expiration of over a year from entry of the preclusion order to be a determinative fact *(see, Lanc v Donnelly,* 184 AD2d 840). The order of preclusion had been issued upon an oral application, the form and content of which is in dispute. The application was ex parte and without notice to plaintiff. Accordingly, we find that plaintiff did not default on that application. The record does reveal an order made at another court conference (again unattended by plaintiff's prior counsel) several months earlier which directed plaintiff to serve a bill of particulars. In any event, neither that default nor the passage of a year after the instant order of preclusion limit the inherent power of the court to relieve an aggrieved party from an order *(Lanc v Donnelly, supra; see also, Allen v Preston,* 123 AD2d 303, 304; *Machnick Bldrs. v Grand Union Co.,* 52 AD2d 655).

Yesawich Jr., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.