■ In the Matter of ROBERT L. SCHULZ et al., Appellants, v TOWN OF KINGSBURY et al., Respondents. [645 NYS2d 567] —Crew III, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered April 11, 1995 in Washington County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, *inter alia,* denied petitioners' motion for a permanent injunction.

In June 1991, the Town Board (hereinafter the Board) of respondent Town of Kingsbury, located in Washington County, established the Kingsbury Industrial Park Corporation (hereinafter KIP) as a not-for-profit corporation designed to, *inter alia,* assist the community in attracting new business and encourage the development of industry in the Town and the surrounding area. Respondent Robert J. Corrigan, the Town Supervisor, was named as KIP's president.

In December 1993, the Board became aware of the availability of a 14.5-acre parcel of land located on Dix Avenue in the Town which, the Board believed, would be suitable for the development of an industrial park. The parcel in question was owned by respondent RV USA, Inc. (hereinafter RV USA) which, in turn, was owned and operated by respondent Donald B. Dreisbach. Thereafter, the Board unanimously passed a resolution authorizing Corrigan, in his capacity as Town Supervi-

sor, to negotiate a purchase offer for the parcel at a price not to exceed $150,000 and directing respondent Richard McLenithan, the Town Attorney, to provide legal assistance to Corrigan in this regard.

The record reflects that prior to purchasing the property McLenithan, in his capacity as Town Attorney, informed the Board that the parcel would have to be purchased for general municipal purposes and not on behalf of KIP. The Board elected to proceed with the purchase and, to that end, subsequently passed a bond resolution and bond anticipation note resolution. Ultimately, the Town obtained $160,000 in funding from respondent Glens Falls National Bank and Trust Company (hereinafter GFNB) and in December 1993 acquired the property from RV USA for $150,000.

In January 1994, Corrigan received a letter from petitioners Robert L. Schulz and William A. Gage alleging that the Board intended to sell or lease the parcel in question to KIP and, in so doing, lend its credit in aid of a private corporation in violation of NY Constitution article VIII. Shortly thereafter, Schulz and Gage, together with petitioners William L. Martin, Antonio Cerro, John Salvador, Jr., Barry P. Vachula, Sr. and David A. Babson, commenced this combined proceeding pursuant to CPLR article 78 and action for, *inter alia*, declaratory judgment against, among others, the Town, Corrigan, individually and in his capacity as Town Supervisor, McLenithan, individually and in his capacity as Town Attorney, KIP, the GFNB, RV USA and Dreisbach seeking, *inter alia*, to undo the entire transaction, return the property in question to RV USA and declare Corrigan and McLenithan guilty of a misdemeanor for their actions in conjunction with the purchase of the property. Petitioners subsequently moved for a preliminary injunction and final order seeking to, *inter alia*, enjoin the Town from purchasing the property with the intention of gifting, selling or leasing the parcel to a private corporation, i.e., KIP, for development and to declare Corrigan and McLenithan guilty of a misdemeanor pursuant to General Municipal Law § 805. The Town, Corrigan and McLenithan cross-moved to dismiss the petition/complaint pursuant to CPLR 3211 (a) (2), (3), (7), (8) and (11), and respondent First National Bank of Glens Falls (hereinafter First National), the apparent holder of the mortgage on the parcel, moved to dismiss the complaint against it for failure to state a cause of action.

By order entered April 11, 1995 Supreme Court, *inter alia*, found that petitioners had failed to state a cause of action against First National, Corrigan, in his individual capacity,

and McLenithan, in his individual capacity, and dismissed the applicable causes of action against them and the petition/complaint against GFNB. Supreme Court further concluded that due to the Town's failure to comply with the State Environmental Quality Review Act (ECL art 8), the purchase of the property was a nullity. As to a remedy, Supreme Court directed that the parcel be sold to an unrelated third party, with the proceeds from the sale used to satisfy the bond anticipation note to GFNB in the amount of $160,000. This appeal by petitioners followed.

We affirm. Petitioners initially contend that Supreme Court erred in dismissing the petition/complaint against Corrigan and McLenithan in their individual capacities, as the record demonstrates that said individuals were acting on behalf of, among others, KIP in conjunction with the underlying transaction. We cannot agree. In this regard, it is well settled that "in order to impose personal liability upon a public official pursuant to General Municipal Law § 51, a taxpayer must establish that the official's actions were both illegal *and fraudulent, collusive, or motivated by personal gain*" (*Duffy v Longo*, 207 AD2d 860, 862, *appeal dismissed* 86 NY2d 779 [emphasis in original]). As petitioners' conclusory allegations of illegal conduct on the part of Corrigan and McLenithan find no support in the record before us, Supreme Court properly dismissed the petition/complaint against them in their individual capacities.

We reach a similar conclusion regarding Supreme Court's dismissal of the criminal allegations against Corrigan and McLenithan. Petitioners' argument on this point stems from Corrigan's and McLenithan's alleged violation of General Municipal Law § 804, which provides that "[a]ny contract willfully entered into by or with a municipality in which there is an interest prohibited by this article shall be null, void and wholly unenforceable". Any municipal officer or employee who willfully and knowingly violates such provision is guilty of a misdemeanor (*see*, General Municipal Law § 805).

To this end petitioners allege, in a most conclusory fashion, that KIP fails to qualify as a not-for-profit corporation and, further, that Corrigan and McLenithan have an unspecified interest in that corporation that is prohibited by General Municipal Law article 18. Petitioners' argument fails for three reasons. First, petitioners have offered nothing, other than their personal speculations, to contradict the stated purpose of KIP—namely, to encourage the development and retention of industry in the community. Additionally, as to Corrigan's and McLenithan's purported "interest" in KIP, the record fails to

support petitioners' unsubstantiated belief that Corrigan and McLenithan derived some economic benefit in this regard. Indeed, KIP's certificate of incorporation provides that with the exception of repaying loans, "[n]o part of the income or earnings of [KIP] shall inure to the benefit or profit of, nor shall any distribution of its property or assets be made to any member or private person, corporate or individual, or any other private interest". Finally, as "[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*People v Harper*, 37 NY2d 96, 99; *see*, CPL 100.05) and no such instrument was filed here, Supreme Court properly dismissed the criminal allegations against Corrigan and McLenithan.

Petitioners' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White and Yesawich Jr., JJ., concur; Mercure, J., not taking part. Ordered that the judgment is affirmed, without costs.