■ In the Matter of Robert L. Schulz et al., Appellants, v Town of Kingsbury et al., Respondents. [745 NYS2d 308] —Carpinello, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered May 14, 2001 in Washington County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, inter alia, granted respondent Town of Kingsbury's motion to modify a prior order of said court.

By deed dated December 30, 1993, respondent Town of

Kingsbury in Washington County acquired title to the former Dix Drive-In, a 14.5-acre parcel of land located in the township. Shortly thereafter, petitioners, some of whom reside in the Town, commenced a combined CPLR article 78 proceeding and action for declaratory judgment seeking to, inter alia, invalidate the purchase. This action/proceeding was ultimately concluded by an order of Supreme Court (Dier, J.), entered April 11, 1995, which, inter alia, declared the transfer "a nullity" based on the Town's concession that it had failed to comply with the State Environmental Quality Review Act (ECL art 8) prior to taking title. The court ordered that the property be sold for $160,000, the amount of the bond anticipation note that the Town had issued to cover the purchase price of the land and related closing costs. That determination was affirmed on appeal to this Court (229 AD2d 707, *appeal dismissed* 89 NY2d 859).

No further legal proceedings were undertaken by any of the parties until October 2000, when the Town applied to Supreme Court for permission to modify the 1995 order to permit the use of the property by the Town as the site of a new Town office complex. The Town argued that despite its best efforts to sell the property, compliance with Supreme Court's prior order had become impossible because of the subsequent discovery of polychlorinated biphenyl (hereinafter PCBs) on the site.[1] Indeed, by letter dated February 20, 1997, the Department of Environmental Conservation confirmed the results of surface soil tests which indicated a low level of PCB contamination on the property. Although the Department opined that the level of contamination did not present "a significant threat to public health," it nonetheless noted that such contamination "often raise[s] a specter of threat with potential buyers." Thus, the Town argued that the mere presence of PCBs on the site constituted a taint which prohibited the sale of the property at the ordered sale price. The Town further argued that the potential availability of a "brownfield" grant from the State would permit remediation of the site, but that such grants need to be repaid in the event the property is sold. This scenario, plus its need for new municipal facilities, prompted the Town's request for a revision of the 1995 order to permit its retention of the property.

In response, petitioners cross-moved for a panoply of relief arguing in substance that the Town had consciously misled

---

1. Prior to the purchase, in December 1993, the Town had obtained a Phase I environmental risk assessment for the site which concluded that the property did not "represent a significant environmental concern to its owner," a conclusion which obviously was in error.

Supreme Court in 1995 when it had suggested that the property could be sold. They seized upon the Town's application as an opportunity to renew their request for all of the relief they had sought when the action/proceeding was first commenced including, inter alia, a demand that the conduct of those Town officials involved in the 1993 transfer be declared criminal. Supreme Court (Moynihan, Jr., J.) found petitioners' arguments of intentional malfeasance to be based solely on personal speculation and granted the relief sought by the Town. On petitioners' appeal, we now affirm.

"Pursuant to its inherent power to exercise control over its own judgments, a court may open a judgment for sufficient reasons and in the interest of justice * * *" (*Lanc v Donnelly*, 184 AD2d 840, 840 [citations omitted]). We agree with Supreme Court that petitioners' claim that the 1995 order was the result of a fraud on the court is unsupported by admissible evidence. While the Town did enter into a contract of sale with a prospective purchaser in April 1995 for the ordered sale price of $160,000,[2] petitioners have not established that the Town's apparent decision to release the contract vendee from his obligation after the discovery of the PCBs was the result of an actionable conspiracy. In sum, we find no error in Supreme Court's exercise of its discretion to fashion an appropriate alternate remedy under the particular facts of this case.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. The contract admittedly recited that the purchaser would acquire title to the property "as is."